**Hattie MOORE, Plaintiff,**

v.

**ALLSTATE INSURANCE COMPANY, Defendant.**

**No. 95 CV 3340.**

United States District Court, N.D. Illinois, Eastern Division.

June 17, 1996.

Kenneth W. Cummings, Tony C. Jones, Jones and Richardson, Chicago, Illinois.

Roger T. Brice, Susan Helene Rider, Sonnenschein, Nath & Rosenthal, Chicago, Illinois.

## MEMORANDUM OPINION AND ORDER

ALESIA, District Judge.

Before the court is defendant Allstate Insurance Company's ("Allstate") motion to dismiss and strike certain claims alleged in plaintiff Hattie Moore's ("Moore") amended complaint pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(f). For the reasons that follow, the court grants in part and denies in part Allstate's motion.

## I. BACKGROUND[1]

Moore, who is black, has worked for Allstate since July 1988. In September 1993, Moore received an unfavorable performance evaluation. On November 29, 1993, Moore filed a charge with the Equal Employment Opportunity Commission ("EEOC"), alleging that Allstate gave her the negative performance evaluation solely because of her race.

Moore received a right-to-sue letter from the EEOC on May 30, 1995. On June 6, 1995, Moore filed a pro se complaint against Allstate. In that complaint, based on Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. §§ 2000e–2000e–17, Moore alleged that Allstate discriminated against her by giving her a negative performance evaluation and failing to promote her because of her race. Moore alleged that Allstate still may be discriminating against her.

Moore retained counsel and filed an amended complaint on November 28, 1995. In her amended complaint, Moore alleges that Allstate violated both Title VII and 42 U.S.C. § 1981 ("section 1981") by discriminating against her based on her race, color, and sex. Moore alleges that Allstate gave her a negative performance evaluation in September 1993 and has given her other unfavorable evaluations because of her race, color, and sex. Moore also alleges that Allstate has failed to promote her because of her race, color, and sex. Moore alleges that Allstate maintains separate lines of progression based on race and sex so as to affect adversely Moore's compensation, evaluations, promotions, and terms, conditions, and privileges of employment.

Allstate now moves to dismiss and strike Moore's Title VII claims for sex discrimination; Title VII claims for race or color discrimination that are beyond the scope of the EEOC charge; Title VII claims that arose more than 300 days before the filing of the EEOC charge; section 1981 claims for sex discrimination; and section 1981 claims for race or color discrimination that arose more than two years before November 28, 1995, when Moore filed her amended complaint.

## II. DISCUSSION

### A. Standard for motion to dismiss

 When deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the court must accept all factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *Cromley v. Board of Educ. of*

---

**1.** The facts are taken from Moore's amended complaint.

*Lockport,* 699 F.Supp. 1283, 1285 (N.D.Ill. 1988). If, when viewed in the light most favorable to the plaintiff, the complaint fails to state a claim upon which relief can be granted, the court must dismiss the case. *See* FED.R.CIV.P. 12(b)(6); *Gomez v. Illinois State Board of Educ.,* 811 F.2d 1030, 1039 (7th Cir.1987). However, the court may dismiss the complaint only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claims that would entitle him to relief. *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957).

### B. *Title VII claims*

#### 1. Sex discrimination claims

Allstate contends that any of Moore's Title VII claims that allege that Allstate discriminated against Moore based on her gender must be dismissed because Moore failed to raise sex discrimination claims in her EEOC complaint.

■ A plaintiff must exhaust her administrative remedies with the EEOC before filing a claim in federal court. *Schnellbaecher v. Baskin Clothing Co.,* 887 F.2d 124, 128–29 (7th Cir.1989); 42 U.S.C. § 2000e–5(e). A corollary of this exhaustion requirement is that a plaintiff generally may not bring claims under Title VII that she did not bring in her EEOC charge. *Harper v. Godfrey Co.,* 45 F.3d 143, 147–48 (7th Cir.1995). "This rule serves two purposes: affording an opportunity for the EEOC to settle the dispute between the employee and employer and putting the employer on notice of the charges against it." *Id.* at 148 (citing *Rush v. McDonald's Corp.,* 966 F.2d 1104, 1110 (7th Cir.1992)).

■ However, a plaintiff may bring claims not explicitly in her EEOC charge if she satisfies two conditions: (1) the claims are like or reasonably related to the allegations in the EEOC charge, and (2) the claims grow out of the allegations made in the EEOC charge. *Jenkins v. Blue Cross Mut. Hosp. Ins., Inc.,* 538 F.2d 164, 167 (7th Cir.) (*en banc*) (quoting *Danner v. Phillips Petroleum Co.,* 447 F.2d 159, 162 (5th Cir.1971)), *cert. denied,* 429 U.S. 986, 97 S.Ct. 506, 50 L.Ed.2d 598 (1976). *See also Harper,* 45 F.3d at 148; *Rush,* 966 F.2d at 1111; *Cheek v. Western & Southern Life Ins. Co.,* 31 F.3d 497, 500 (7th Cir.1994).

■ In Moore's case, her EEOC charge was based solely on race discrimination. She made no allegations, either explicitly or implicitly, of gender discrimination. Discrimination based on gender is entirely different from discrimination based on race. Moore's sex discrimination claims are neither like nor reasonably related to her race discrimination claims, nor grow out of her race discrimination claims. Therefore, Moore's sex discrimination claims "run afoul of the requirement that 'allegations not contained in an EEOC charge cannot be contained in the complaint....'" *Weiss v. Coca–Cola Bottling Co. of Chicago,* 990 F.2d 333, 337 (7th Cir. 1993) (quoting *Schnellbaecher,* 887 F.2d at 127). *See also, e.g., Dangerfield v. Mission Press,* No. 88 C 7199, 1989 WL 88199, *1 (N.D.Ill. July 28, 1989); *Clark v. Chrysler Corp.,* 673 F.2d 921, 931 (7th Cir.), *cert. denied,* 459 U.S. 873, 103 S.Ct. 161, 74 L.Ed.2d 134 (1982) (both holding that plaintiff cannot bring sex discrimination claim where she filed EEOC charge alleging only race discrimination).

By not bringing an EEOC charge based on sex discrimination, Moore failed to satisfy a condition precedent to her bringing a sex discrimination claim in this court. *See Cheek,* 31 F.3d at 500 (citing *Babrocky v. Jewel Food Co.,* 773 F.2d 857, 864 (7th Cir. 1985)). Accordingly, Moore cannot bring her Title VII claims based on sex discrimination, and the court grants Allstate's motion to dismiss these claims.

#### 2. Race discrimination claims

As a preliminary matter, the court agrees with Allstate that there is no real difference between race and color discrimination in the context of Moore's amended complaint. Consequently, the court will consider Moore's claims of color discrimination as claims of race discrimination against Moore because she is black.

Allstate argues that some of Moore's Title VII claims based on race discrimination must

be dismissed because they are outside the scope of her EEOC charge and are neither like nor reasonably related to the allegations in the EEOC charge, nor grow out of the allegations in the EEOC charge.

■ Claims in a complaint are not like or reasonably related to allegations in an EEOC charge unless a factual relationship exists between them. That is, "the EEOC charge and the complaint must, at a minimum, describe the *same conduct* and implicate the *same individuals.*" *Cheek,* 31 F.3d at 501.

In her EEOC charge, Moore alleges that she received a negative performance evaluation in September 1993, and that Allstate's stated reason for the negative evaluation was a pretext for discrimination based on her race. Moore stated that the supervisors who gave her the negative evaluation were white. Moore's amended complaint alleges that Allstate and its agents and/or employees discriminated against her by giving her negative performance evaluations, failing to promote her, and depriving her of other job opportunities and privileges because of her race.

The court finds that Moore's EEOC charge and amended complaint are factually related. They both describe the same conduct—discrimination in employment based on Moore's race—involving the same persons—Allstate and its employees who have control over Moore's performance evaluations and job opportunities.

■ The court also finds that the claims in Moore's amended complaint grow out of the allegations in her EEOC charge. "A limited EEOC investigation will not necessarily defeat a complaint where the complaint contains allegations like or reasonably related to the EEOC charge, but which the EEOC failed to investigate." *Schnellbaecher,* 887 F.2d at 127. "In such a case, 'the proper inquiry would be ... what EEOC investigation could reasonably be expected to · grow from the original complaint.'" *Id.* (quoting *Babrocky,* 773 F.2d at 864 n. 2).

In Moore's case, it is reasonable to expect that the EEOC's investigation of Moore's claim that Allstate and its employees discriminated against Moore by giving her a poor performance evaluation because of her race could develop into an investigation of discrimination in other related aspects of Moore's employment.

For example, if, in September 1993, Moore received a negative performance evaluation solely because she is black, then she might have received other unfavorable evaluations for the same reason. If Moore received negative performance evaluations, then she might have been denied job advancement opportunities because of her unfavorable evaluations and based on her race. If she received unfavorable evaluations and was denied promotions because of her race, then she also might have been denied the higher salary and other benefits that would accompany good evaluations and promotions. It is simple logic that in any job, performance evaluations, promotions, compensation, and other job opportunities and benefits are intertwined; each affects or is affected by the others. Thus, the allegations that Moore makes in her amended complaint reasonably could be expected to grow out of the EEOC's investigation of her charge alleging discrimination in her September 1993 performance evaluation.

■ This is particularly true considering the policies behind anti-discrimination statutes such as Title VII and section 1981. "The standard for determining whether an EEOC charge sufficiently encompasses the allegations of a subsequent federal complaint 'is a liberal one in order to effectuate the remedial purpose of [the antidiscrimination statutes].'" *Egan v. Palos Community Hosp.,* 889 F.Supp. 331, 337 (N.D.Ill.1995) (quoting *Babrocky,* 773 F.2d at 864). In setting forth its two-part test for whether a Title VII complaint is sufficiently within the scope of an EEOC charge, the Seventh Circuit in *Jenkins* stated that "Title VII 'is to be construed and applied broadly.'" *Jenkins,* 538 F.2d at 167 (quoting *Motorola, Inc. v. McLain,* 484 F.2d 1339, 1344 (7th Cir.1973), *cert. denied,* 416 U.S. 936, 94 S.Ct. 1935, 40 L.Ed.2d 287 (1974)). Noting that EEOC charges are in layperson's terms, the court stated:

'[T]he Civil Rights Act is designed to protect those who are least able to protect

themselves. Complainants to the EEOC are seldom lawyers. To compel the charging party to specifically articulate in a charge filed with the [EEOC] the full panoply of discrimination which he may have suffered may cause the very persons Title VII was designed to protect to lose that protection because they are ignorant of or unable to thoroughly describe the discriminatory practices to which they are subjected....'

*Jenkins,* 538 F.2d at 167–68 (quoting *Willis v. Chicago Extruded Metals Co.,* 375 F.Supp. 362, 365–66 (N.D.Ill.1974)).

▪ In effect, Allstate is asking the court to require Moore to have set forth fully and in detail in her EEOC charge all the acts of discrimination that Allstate may have committed against her, whether Moore was aware of the discriminatory acts or not. Such a requirement whittles away at Title VII's protection and contravenes the principle that Title VII is to be construed broadly and applied liberally.

▪ Accordingly, the court finds that the Title VII race discrimination allegations in Moore's amended complaint are like or reasonably related to and grow out of the allegations in her EEOC charge, and therefore that her Title VII race discrimination claims are not beyond the scope of her EEOC charge.

### 3. Title VII claims for discriminatory acts that occurred more than 300 days before Moore filed her EEOC charge

Allstate also contends that Moore is barred from basing her Title VII claims on any acts that occurred more than 300 days before the date on which she filed her EEOC charge, November 20, 1993. Thus, according to Allstate, Moore cannot bring her claims based on acts that took place before January 23, 1993.

▪ Allstate is correct that a plaintiff in Illinois must file an EEOC charge within 300 days of the occurrence of the act that is the basis for the charge, and that failure to do so renders the charge untimely. *Koelsch v. Beltone Elec. Corp.,* 46 F.3d 705, 707 (7th Cir.

1995). However, this limitations period is subject to equitable tolling under the continuing violation doctrine.

▪ The continuing violation doctrine allows a plaintiff to base a claim on a time-barred act by linking the time-barred act with an act that is within the limitations period. Courts treat such a combination as one continuous act within the limitations period. *Selan v. Kiley,* 969 F.2d 560, 564 (7th Cir.1992). A plaintiff invoking the continuing violation doctrine must show that the alleged acts of discrimination were part of an ongoing pattern of discrimination and that at least one of the alleged acts of discrimination occurred within the relevant limitations period. *Young v. Will County Dept. of Public Aid,* 882 F.2d 290, 292 (7th Cir.1989). Thus, under this theory, if Moore alleges acts of discrimination that occurred prior to January 23, 1993, but those acts were part of an ongoing pattern of discrimination by Allstate and at least one discriminatory act occurred after January 23, 1993, Moore can base her Title VII claims on the alleged acts of discrimination occurring both prior and subsequent to January 23, 1993.

▪ A plaintiff may establish a continuing violation under three scenarios. First, usually in cases involving hiring or promotion practices, "the employer's decision-making process takes place over a period of time, making it difficult to pinpoint the exact day the violation occurred." *Selan,* 969 F.2d at 565 (citing *Stewart v. CPC Int'l, Inc.,* 679 F.2d 117, 120–121 (7th Cir.1982)). Second, "the employer has an express, openly espoused policy that is alleged to be discriminatory." *Id.* Third, "the employer has, for a period of time, followed a practice of discrimination, but has done so covertly, rather than by way of an open notorious policy.... In such cases the challenged practice is evidenced only by a series of discrete, allegedly discriminatory, acts." *Id.*

Moore's complaint most appropriately falls under the third scenario. The question under this scenario is whether the allegations of Moore's amended complaint indicate that Allstate's acts were " 'related closely enough to constitute a continuing violation' or were

'merely discrete, isolated, and completed acts which must be regarded as individual violations.'" *Selan,* 969 F.2d at 565 (quoting *Berry v. Board of Supervisors of Louisiana State Univ.,* 715 F.2d 971, 981 (5th Cir. 1983)).

▮▮ The Seventh Circuit has adopted the Fifth Circuit's three-factor inquiry in making a determination under the "covert practice of discrimination" scenario:

> 'The first is subject matter. Do the alleged acts involve the same type of discrimination, tending to connect them in a continuing violation? The second is frequency. Are the alleged acts recurring ... or more in the nature of an isolated work assignment or employment decision? The third factor, perhaps of most importance, is degree of permanence. Does the act have the degree of permanence which should trigger an employee's awareness of and duty to assert his or her rights, or which should indicate to the employee that the continued existence of the adverse consequences of the act is to be expected without being dependent on a continuing intent to discriminate?'

*Selan,* 969 F.2d at 565 (quoting *Berry,* 715 F.2d at 981).

▮▮ The Seventh Circuit also stresses the importance of the third factor:

> 'What justifies treating a series of separate violations as a continuing violation? Only that it would have been unreasonable to require the plaintiff to sue separately on each one. In a setting of alleged discrimination, ordinarily this will be because the plaintiff had no reason to believe he was a victim of discrimination until a series of adverse actions established a visible pattern of discriminatory treatment.'

*Selan,* 969 F.2d at 565–66 (quoting *Malhotra v. Cotter & Co.,* 885 F.2d 1305, 1310 (7th Cir.1989)).

In her EEOC charge, Moore alleged that Allstate gave her an unfavorable performance evaluation because of her race. (Am. Compl.Ex. A.) She alleged that Allstate's stated reason for her poor performance evaluation was a pretext for discrimination. (*Id.*) In her amended complaint, Moore alleges

that one of Allstate's discrete acts of discrimination was the September 1993 unfavorable performance evaluation. (Am.Compl. ¶ 15.) Moore also alleges that Allstate has given her other unfavorable evaluations and failed to promote her because of her race, and maintains "separate lines of progression based on race so as to adversely affect" Moore's employment opportunities, such as evaluations, promotions, and salary. (*Id.* ¶¶ 14–16.) Moore alleges that Allstate continues to discriminate against her. (*Id.* ¶ 8.)

Construing Moore's complaint in the light most favorable to her, as the court is required to do, the court finds that Moore alleges facts that support her claim of a continuing violation. First, Allstate's alleged discriminatory acts involve the same type of discrimination—race-based discrimination that has deprived Moore of employment opportunities, including favorable performance evaluations, promotions, compensation, and other benefits. Therefore, the alleged acts involve the same subject matter.

Second, Allstate's alleged discriminatory acts also appear to be recurring, rather than isolated incidents, though Moore's complaint does not specify when they have occurred. Allstate acknowledges that "Moore's performance evaluations have been set on a regular basis since her employment." (Reply to Pl.'s Resp. to Allstate's Mot. to Dismiss and Strike Certain Claims Alleged in the Am. Compl. at 8.) Thus, Allstate itself indicates that the alleged discriminatory acts have recurred. Moore also alleges that Allstate continues to discriminate against her based on her race, and thus impliedly alleges that Allstate's discriminatory acts are recurring.

Third, and most important, Allstate's alleged discriminatory acts do not appear to have a "degree of permanence" that should have put Moore on notice that her rights were being violated. Moore alleges essentially that she was given unfavorable performance evaluations and was not promoted and compensated fairly because of her race. These alleged acts do not have the degree of permanence of, for example, being forced to resign, *see Egan,* 889 F.Supp. at 336, or being transferred and demoted, *see Selan,*

969 F.2d at 567. Significantly, Moore is still employed by Allstate.

Moreover, Moore indicated in her EEOC charge that Allstate gave nondiscriminatory reasons for her poor evaluation in September 1993. If Moore was receiving unfavorable performance evaluations, which Allstate purportedly justified with nondiscriminatory reasons, and was not being promoted as quickly as she believed she deserved, it is quite conceivable that Moore would have "no reason to believe that [she] was a victim of discrimination" until she received enough poor evaluations and was not promoted enough times that she became aware of a "visible pattern of discriminatory treatment." *Malhotra,* 885 F.2d at 1310. In such a case, it would be unreasonable to expect Moore to have sued each time she received an unfavorable evaluation, was not promoted, or did not receive a pay raise she felt she deserved. *See id.*

■ The court finds that Moore's amended complaint indicates that Allstate followed, and continues to follow, a covert practice of discrimination, evidenced by a series of discrete discriminatory acts that are " 'related closely enough to constitute a continuing violation.' " *Selan,* 969 F.2d at 565 (quoting *Berry,* 715 F.2d at 981). Therefore, Moore has sufficiently alleged a continuing violation.

Accordingly, if any of the discriminatory acts on which Moore is basing her Title VII claims occurred earlier than 300 days before Moore filed her EEOC charge, those acts are part of a continuing violation, and Moore's claims based on them are not time-barred.

### C. *Section 1981 claims*

#### 1. Sex discrimination claims

■ Allstate contends that Moore's section 1981 claim based on sex discrimination must be dismissed because section 1981 does not cover claims for sex discrimination. The court agrees. Section 1981 does not address claims for sex discrimination; it only prohibits discrimination based on race or alienage. *Runyon v. McCrary,* 427 U.S. 160, 167, 96 S.Ct. 2586, 2593, 49 L.Ed.2d 415 (1976); *Movement for Opportunity and Equality v. General Motors Corp.,* 622 F.2d 1235, 1278

(7th Cir.1980); *St. Louis v. Alverno College,* 744 F.2d 1314, 1317 (7th Cir.1984); *Friedel v. City of Madison,* 832 F.2d 965, 967 n. 1 (7th Cir.1987).

Accordingly, Moore's section 1981 claim based on sex discrimination must be dismissed.

#### 2. Race discrimination claims

Allstate contends that Moore cannot state a cause of action for any allegedly discriminatory acts that occurred earlier than two years prior to the date on which Moore filed her amended complaint because of the two-year limitations period that applies to section 1981 actions. Moore filed her amended complaint November 28, 1995. Thus, according to Allstate, Moore cannot base her section 1981 race discrimination claim on any acts that occurred prior to November 28, 1993. Moore counters that pursuant to the relation-back doctrine of Federal Rule of Civil Procedure 15(c), her November 28, 1995, amended complaint relates back to her June 6, 1995, *pro se* complaint.

■ Under the relation-back doctrine, an amended complaint is deemed filed on the date the original complaint was filed for the purpose of tolling the statute of limitations. *See Haltek v. Village of Park Forest,* No. 93 C 6700, 1995 WL 461903, *2 (N.D.Ill. July 17, 1995); FED.R.CIV.P. 15(c). An amended pleading relates back to the date of the original pleading when "the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." FED.R.CIV.P. 15(c)(2).

■ Rule 15(c)(2) is based on the equitable notion that a case should be decided on its merits rather than on technicalities. *Haltek,* 1995 WL 461903, *3 (citing *Woods v. Indiana Univ.–Purdue Univ. at Indianapolis,* 996 F.2d 880, 884 (7th Cir.1993)). Consequently, Rule 15(c)(2)'s principal purpose is to allow a plaintiff to correct a pleading error if the defendant will not be prejudiced. *Haltek,* 1995 WL 461903, *3 (citing *Woods,* 996 F.2d at 884 (quoting *Schiavone v. Fortune,* 477 U.S. 21, 38, 106 S.Ct. 2379, 2389, 91 L.Ed.2d 18 (1986) (Stevens, J., dissenting))).

Rule 15(c) and relation-back apply to amendments that change the plaintiff's theory of recovery, as long as the new and different theory of recovery arises out of the conduct alleged in the original complaint. *Haltek*, 1995 WL 461903, *3.

In her June 6, 1996, *pro se* complaint, based on Title VII, Moore alleged that in September 1993 Allstate discriminated against her by failing to promote her and giving her a negative performance evaluation because of her race. Moore also alleged that Allstate still may be committing discriminatory acts against her. In her amended complaint, prepared by her attorneys, Moore alleges the same type of employment discrimination, but in greater depth, and adds claims under section 1981 based on Allstate's alleged race-based employment discrimination.

The court finds that Moore's section 1981 claims arise out of the alleged race-based discriminatory conduct of Allstate and acts of discrimination that Moore alleged in her original June 6, 1995, complaint. Consequently, Moore's amended complaint relates back to her original complaint, and is deemed filed on the earlier date of June 6, 1995.

The limitations period applicable to section 1981 actions brought in a federal court sitting in Illinois is two years. *Smith v. Firestone Tire and Rubber Co.*, 875 F.2d 1325, 1326–28 (7th Cir.1989). Accordingly, if no other exception existed, Moore could base her section 1981 action on discriminatory acts that occurred subsequent to June 6, 1993.

However, as the court found with respect to Moore's Title VII claims, Moore's amended complaint sufficiently alleges a continuing violation with at least one discrete act that occurred in September 1993. The continuing violation theory also applies to section 1981 actions. *See Malhotra*, 885 F.2d at 1309–10. Thus, Moore has alleged a continuing violation that has continued into the section 1981 two-year limitations period.

Accordingly, the discriminatory acts on which Moore has based her section 1981 race discrimination claims are not barred by the statute of limitations applicable to section 1981 actions.

### III. CONCLUSION

For the reasons set forth above, the court grants in part and denies in part Allstate's motion to dismiss and strike, as follows:

1. The court grants Allstate's motion to dismiss and strike Moore's Title VII claims based on sex discrimination, and dismisses those claims with prejudice.

2. The court grants Allstate's motion to dismiss and strike Moore's section 1981 claims based on sex discrimination, and dismisses those claims with prejudice.

3. The court denies Allstate's motion to dismiss and strike Moore's Title VII and section 1981 claims based on race discrimination.