**Deborah CRAWFORD, Plaintiff,**

v.

**BANK OF AMERICA, Andrew Bonin, Donald Ranus, and Mr. Dymak, Defendants.**

**No. 97 C 5290.**

United States District Court, N.D. Illinois, Eastern Division.

Nov. 19, 1997.

---

T. Lee Boyd, Jr., T. Lee Boyd, Jr. & Associates, Chicago, IL, for Plaintiff.

Max G. Brittain, Jr., Wendy L. Nutt, Brittain, Sledz, Morris & Slovak, Chicago, IL, Jay J. Price, Office of General Counsel, San Francisco, CA, for Defendants.

## MEMORANDUM OPINION AND ORDER

ASPEN, Chief Judge.

Deborah Crawford filed this Title VII suit alleging that her employer, Bank of America (the Bank), and several members of its managerial staff discriminated against her on the basis of her race and sex. The Bank has moved for summary judgment as to her race discrimination claim on the ground that it did not appear in her Equal Employment Opportunity Commission (EEOC) filing.[1] For the reasons stated below, we grant the motion.

### I. Background

In January of 1997, Crawford filed discrimination notices with two different governmental bodies: a Complaint with the City of Chicago's Commission on Human Relations (the Commission), and a Charge of Discrimination (Charge) with the Illinois Department of Human Rights (IDHR). Since the contents of those filings meaningfully differ, we review them separately.

In her Complaint before the Commission, Pl.'s Resp.Ex. A (filed on January 3, 1997), Crawford listed three varieties of discrimination for which she held the defendants responsible: race, sex, and sexual orientation. According to that Complaint, Crawford, a black heterosexual female, began working for the Bank on July 8, 1996, as a co-manager with defendant Andrew Bonin of the Bank's Southport Branch. Bonin, a white male homosexual, began harassing her at an August management seminar by regaling her with tales of his homosexual exploits and fantasies

---

**1.** The Bank's original motion was one to dismiss, which this Court converted to a motion for partial summary judgment since our resolution of the motion required examination of Crawford's EEOC Charge, a document which was not attached to the complaint. See Fed R.Civ.P. 12(b).

despite her protests, and he continued to do so while the two worked together at the branch office. His stories included ones about the Bank's Area Manager, defendant Donald Ranus, and its District Manager, defendant Kent Dymak, both of whom are also white male homosexuals. Two other managers, LaSandra Allen and Carmen Turner, refused to help. Also during this time, the Bank issued an "order" to its managers to hire more whites and Hispanics, because it already employed too many blacks. All of this came to a head on December 8, 1996, when Ranus asked Crawford why she had not been at the branch office that day; Bonin had refused to vouch for her claim that she was recruiting out of the office. Crawford resigned her co-manager position on December 9 (effective January 15, 1997) due to the "hostile environment created by Ranus, Bonin and Dymak," and on December 11, Ranus suspended her with pay for skipping work on December 8. She has not returned to work.

Crawford's Charge before the IDHR, Def.'s Br.Ex. A, (filed on January 7, 1997), four days after she filed her Complaint with the Commission,[2] tells a simpler tale. There she states only that Bonin told her his offensive stories (though she does not claim that any of the stories involved Ranus and Dymak—in fact, she never mentions Dymak at all) despite her objections and that her suspension (which she now states took place on December 12) by Ranus was in retaliation for her complaints about Bonin and not because of her purported failure to report to work on December 8. Completely absent from this version of her story is any glimmer of race: Crawford does not mention the Bank's "order" to hire more whites and Hispanics, she does not give the race of any of the persons

involved, and on the Charge form she lists only sex, sex harassment, and retaliation—but not race—as the bases for her claim.

## II. Discussion

■ Now before us is the Bank's motion for summary judgment as to those parts of Crawford's Title VII suit which concern race discrimination. In support, the Bank cites the principle that a civil rights plaintiff may not bring a claim in federal court which she did not present in her EEOC Charge,[3] see, e.g., Harper v. Godfrey Co., 45 F.3d 143, 147–48 (7th Cir.1995), and argues that Crawford's race discrimination claim suffers from this defect. Crawford responds that her race discrimination claim is "like or reasonably related to allegations" in her EEOC Charge, Babrocky v. Jewel Food Co., 773 F.2d 857, 864 (7th Cir.1985), which if true gives us the power to hear it. Crawford also asks that we give her extra consideration because she was acting pro se when she filed the two discrimination complaints. See Jenkins v. Blue Cross Mutual Hosp. Ins. Co., 538 F.2d 164, 167 (7th Cir.1976) (en banc).

■ An allegation of race discrimination is not "like or reasonably related to" an allegation of sex discrimination. See, e.g., Moore v. Allstate Ins. Co., 928 F.Supp. 744, 748 (N.D.Ill.1996) ("Discrimination based on gender is entirely different from discrimination based on race."); 4 Lex K. Larson, Employment Discrimination § 76.06[1][b] (2d ed. 1997) ("[A] complaint alleging race discrimination is neither 'like or related to' nor likely to be discovered in a 'reasonable' investigation of a charge of sex discrimination."). Crawford's Charge lists only sex, sex harassment, and retaliation as the bases for her claim, and her narrative of the underlying

2. The parties have supplied us with two different versions of the Charge of Discrimination form. On Crawford's version, none of the discrimination boxes are marked, the Charge Number is 1997CF, and the notary public has not signed the form. Pl.'s Resp.Ex.B. On the Bank's version, three boxes (sex, other—sex harassment, and retaliation) are marked, the charge number is 1997CF1556 (the 1556 is handwritten), and the notary public has signed the form. Def.'s Br. Ex.A. We rely on the form supplied by the Bank, since it is the more complete and seems to have been the form Crawford actually filed in the case,

though we note that our analysis would not change if we used Crawford's form instead.

3. Due to the work-sharing agreement between the EEOC and the IDHR, see 29 C.F.R. § 1601.74(a), a Charge filed with the IDHR is considered filed with the EEOC, assuming all jurisdictional prerequisites are met, see Sofferin v. American Airlines, Inc., 923 F.2d 552, 554 (7th Cir.1991); see also Alexander v. Gerhardt Enters., Inc., 40 F.3d 187, 191 (7th Cir.1994). Crawford's Charge was cross-filed with both agencies.

events contains absolutely no mention of race, a fact which distinguishes this case from ones like *Jenkins,* 538 F.2d at 168–69, in which the Charge named only one type of discrimination (race) but its factual summary implied another (sex). Crawford's omission is fatal to her Title VII race discrimination claim. *See, e.g., Moore,* 928 F.Supp. at 748; *Werthman v. Illinois Dep't of Mental Health and Developmental Disabilities,* 831 F.Supp. 625, 630 (N.D.Ill.1993) ("Because plaintiff did not include or even hint at allegations of gender discrimination in her EEOC charges, she may not proceed on a gender discrimination claim now.").

■ Crawford appears to argue that even if her filing with the EEOC was inadequate, her filing with the Commission, which raised her race claim, ought to entitle her to raise her race claim in federal court. This argument fails to recognize that the EEOC filing requirement has two purposes: providing notice to the employer and affording the EEOC an opportunity to conciliate the dispute. *See Babrocky,* 773 F.2d at 863. While Crawford's filing with the Commission might have provided adequate notice to the Bank of her race claim, that filing did not give the EEOC an opportunity to conciliate her race claim, since the Commission, unlike the IDHR, is completely independent of the EEOC. *See* 29 C.F.R. § 1601.74(a); *Osborn v. E.J. Brach, Inc.,* 864 F.Supp. 56, 58 n. 4 (N.D.Ill.1994). Moreover, that filing demonstrates that Crawford, even though she was acting *pro se,* was perfectly capable of properly alleging race discrimination: her Complaint with the Commission specified race discrimination as one of her claims, detailed the race of each participant in the alleged discrimination, and described the Bank's alleged "order" to hire more whites and Hispanics.[4] Crawford does not explain why she omitted that portion of her story when, four days later, she filed her Charge with the IDHR, but she made her choice and now must live with it.

4. We note that the Commission, on September 10, 1997, dismissed Crawford's case in its entirety, as it found "no substantial evidence of the alleged violation of the Chicago Human Rights

### III. Conclusion

For the foregoing reasons, we grant the Bank's motion for partial summary judgment. It is so ordered.

Ordinance." Def.'s Supp.Br.Ex. A. The Bank further informs us that Crawford did not appeal the dismissal. *See id.* at 5 n. 1.