887 F.2d 124
 50 Fair Empl.Prac.Cas. 1846,
51 Empl. Prac. Dec. P 39,378
Jean SCHNELLBAECHER and Marcia Brandt, et al., Plaintiffs-Appellants,
v.
BASKIN CLOTHING COMPANY and Hartmarx Specialty Stores, Inc.,
Defendants-Appellees.
 No. 88-3019.
 United States Court of Appeals,
Seventh Circuit.
 Argued April 6, 1989.
Decided Oct. 5, 1989.
 
 Lynn A. Williams, Michael K. Havrilesko, Williams & McCarthy, Rockford, Ill., for plaintiffs-appellants.
 Gary D. Ashman, Grace A. Newton, Carey M. Stein, Cynthia N. Burman, Hartmarx Corp., Chicago, Ill., for defendants-appellees.
 Before WOOD, Jr., MANION, and KANNE, Circuit Judges.
 KANNE, Circuit Judge.
 
 
 1
 The individual plaintiffs-appellants in this case, Jean Schnellbaecher and Marcia Brandt, were employees of the Baskin Clothing Store in Rockford, Illinois. In 1986, both plaintiffs, who are women, were denied a promotion to a sales position offering increased salary and commissions.
 
 
 2
 On July 22, 1986, plaintiffs filed pro se charges with the Equal Employment Opportunity Commission ("EEOC") against Baskin. They asserted violations by Baskin of Title VII and the Equal Pay Act. Brandt and Schnellbaecher claim that a less-qualified male was hired for the position in question and the reason they were given was "that a woman is to make less than a man because a woman does not have to support a family." This charge named only Baskin, and not its parent corporation, Hartmarx Specialty Stores, Inc. ("HSSI"). HSSI, however, determines Baskin's personnel policies and both entities have the same attorneys, and thus HSSI had notice of the charges against Baskin. On January 29, 1987, the EEOC sent a questionnaire to Baskin, which sought payroll records for all sales persons and an explanation for the differences between the salaries of male and female sales persons. Counsel for HSSI had notice of this questionnaire. On the following day, however, the EEOC issued a right-to-sue letter for each charge to plaintiffs. In March of 1987, the plaintiffs filed an Equal Pay Act lawsuit, which is separate from this suit, in the Northern District of Illinois.
 
 
 3
 By letter dated April 24, 1987, the plaintiffs' lawyer transmitted to the EEOC revised versions of the plaintiffs' original charges. In these revised charges, which plaintiff asked the EEOC to treat either as amended charges or as new charges, HSSI was added as a respondent, and plaintiffs alleged class-wide discrimination by the defendants against women. Five days later, plaintiffs filed this Title VII lawsuit against Baskin and HSSI, alleging both individual and class-wide discrimination in a three-count complaint.
 
 
 4
 The district court first dismissed the individual charges against both HSSI and Baskin. It observed that because HSSI had common corporate offices, corporate counsel and managerial staffs with Baskin, it had adequate notice of the original charges, and that with respect to the original charges, HSSI "may well have been provided with an opportunity to participate in conciliation." The court observed, however, that the charges alleging individual discrimination "are covered by the [Equal Pay Act] suit concurrently pending in this court."
 
 
 5
 The district court also dismissed plaintiffs' class-wide claim on the ground that neither HSSI nor Baskin had any opportunity to participate in conciliation regarding these claims. The court opined that the class-wide allegations were not properly before it because charges which contained explicit class allegations were not "filed at all or recognized by the EEOC." Thus, the district court dismissed the class-wide allegations in their entirety as to both defendants. The plaintiffs appeal.
 
 Discussion
 
 6
 First, we will consider whether the district court properly dismissed the class-wide suit and the suit against HSSI under the EEOC's original charges. Cf. Eggleston v. Chicago Journeymen Plumbers' Local Union No. 130, 657 F.2d 890, 905 n. 29 (7th Cir.1981), cert. denied, 455 U.S. 1017, 102 S.Ct. 1710, 72 L.Ed.2d 134 (1982). Because we conclude that under the original charges the district court properly dismissed HSSI and the class-wide allegations, we will address whether dismissal was proper under the "amended charges," or rather, whether the charge properly was amended before the filing of the complaint.
 
 Dismissal of HSSI
 
 7
 Ordinarily, a party not named in an EEOC charge may not be sued under Title VII. 42 U.S.C. Sec. 2000e-5; LeBeau v. Libbey-Owens-Ford Co., 484 F.2d 798, 799 (7th Cir.1973). Although this requirement is not jurisdictional, but rather is like a statute of limitations, in that it is subject to waiver, estoppel, and equitable tolling, Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 393, 102 S.Ct. 1127, 1132, 71 L.Ed.2d 234 (1982), none of these considerations apply here. See also Babrocky v. Jewel Food Co., 773 F.2d 857, 864 (7th Cir.1985) ("the requirement that the scope of the EEOC charge limit the scope of the subsequent complaint is in the nature of a condition precedent with which litigants must comply rather than constituting a component of subject matter jurisdiction").
 
 
 8
 The purpose of the requirement of filing a charge before the EEOC is twofold. First, it serves to notify the charged party of the alleged violation. Second, it gives the EEOC an opportunity for conciliation, which effectuates Title VII's primary goal of securing voluntary compliance with its mandates. Eggleston, 657 F.2d at 905. In Eggleston, we noted that an exception to the general rule that a party named in a Title VII suit must have been named in a previous EEOC charge exists where "an unnamed party has been provided with adequate notice of the charge, under circumstances where the party has been given the opportunity to participate in conciliation proceedings aimed at voluntary compliance." Id. Plaintiffs argue that HSSI, as Baskin's parent corporation, falls within this exception.[1]
 
 
 9
 We agree with defendants, however, that the district court properly dismissed the suit against HSSI. Although HSSI had notice of the charges against Baskin, it did not thereby have any notice of any charges against it, nor did it have any opportunity to conciliate on its own behalf. Bernstein v. National Liberty Int'l Corp., 407 F.Supp. 709, 714-16 & n. 6 (E.D.Pa.1976); see also Medina v. Spotnail, Inc., 591 F.Supp. 190 (N.D.Ill.1984); but see Evans v. Meadow Steel Prods., Inc., 572 F.Supp. 250, 254-55 (N.D.Ga.1983). Thus, we believe that the district court properly dismissed the charges against HSSI.
 
 Dismissal of Class-Wide Allegations
 
 10
 Plaintiffs next argue that the district court improperly dismissed the class-wide allegations in their complaint because the EEOC charge contained no specific class-wide allegations. We agree with the defendants, however, that the district court properly dismissed these allegations.
 
 
 11
 In Babrocky, we observed that "allowing a complaint to encompass allegations outside the ambit of the predicate EEOC charge would circumvent the EEOC's investigatory and conciliatory role, as well as deprive the charged party of notice of the charge, as surely as would an initial failure to file a timely EEOC charge." 773 F.2d at 863. In other words, the reason behind the requirement that allegations not contained in an EEOC charge cannot be contained in the complaint is that the defendant must have notice of the charge, and the EEOC must have the opportunity to investigate and conciliate the charge, in order to attempt to obtain voluntary compliance with Title VII. Id.
 
 
 12
 As we noted above, "the requirement that the scope of the EEOC charge limit the scope of the subsequent complaint is in the nature of a condition precedent with which litigants must comply rather than constituting a component of subject matter jurisdiction," Id. at 864. Nonetheless, the only claims of discrimination which are cognizable are those that are " 'like or reasonably related to the allegations of the charge and growing out of such allegations.' " Id. at 864 (quoting Jenkins v. Blue Cross Mut. Hosp. Ins., Inc., 538 F.2d 164, 167 (7th Cir.1976) (en banc), cert. denied, 429 U.S. 986, 97 S.Ct. 506, 50 L.Ed.2d 598 (1976)). Other circuits are in accord with this analysis. See, e.g., Fellows v. Universal Restaurants, Inc., 701 F.2d 447, 450 (5th Cir.), cert. denied, 464 U.S. 828, 104 S.Ct. 102, 78 L.Ed.2d 106 (1983); Evans v. U.S. Pipe & Foundry Co., 696 F.2d 925, 928 (11th Cir.1983); Chisholm v. United States Postal Serv., 665 F.2d 482, 491 (4th Cir.1981); Kirkland v. Buffalo Bd. of Educ., 622 F.2d 1066, 1068 (2d Cir.1980); Satz v. ITT Fin. Corp., 619 F.2d 738, 741 (8th Cir.1980).
 
 
 13
 However, a limited EEOC investigation will not necessarily defeat a complaint where the complaint contains allegations like or reasonably related to the EEOC charge, but which the EEOC failed to investigate. In such a case, "the proper inquiry would be into what EEOC investigation could reasonably be expected to grow from the original complaint." Id. at 864 n. 2; accord Hicks v. ABT Assocs., Inc., 572 F.2d 960, 966 (3d Cir.1978); Ostapowicz v. Johnson Bronze Co., 541 F.2d 394, 398-99 (3d Cir.1976), cert. denied, 429 U.S. 1041, 97 S.Ct. 741, 50 L.Ed.2d 753 (1977); Gamble v. Birmingham S.R.R., 514 F.2d 678, 688-89 (5th Cir.1975). In other words, although the investigation may help define the scope of the charge, it is primarily the charge to which we look in determining whether the scope requirement is satisfied. Compare Vermett v. Hough, 606 F.Supp. 732, 740 (W.D.Mich.1984).
 
 
 14
 Under this standard, we believe that the district court properly dismissed the class-wide allegations in the complaint. Neither the charge nor the ensuing investigation put Baskin (or HSSI, for that matter, although we believe that all claims against it properly were dismissed) on notice of the plaintiffs' intention to file a lawsuit containing allegations of class-wide discrimination.
 
 
 15
 First, the allegations in the EEOC charge do not indicate class-wide discrimination. Although both plaintiffs allege that they had "been discriminated against because of my sex, female," and they had been told "that a woman is to make less than a man because a woman does not have to support a family," their charges referred to a specific individual instance of discrimination. The EEOC charge in Fellows, the case upon which plaintiffs principally rely, also contained the phrase "because of my sex, female," and the Fifth Circuit thought that this justified a class action. 701 F.2d at 451. The EEOC charge in that case, however, also contained allegations of several instances of discrimination, even though it contained no specific class-wide allegations. The plaintiff there had applied for several other positions in the employer's company, which she alleged had been denied her because of her gender, and further alleged that she was the only woman employed in the position from which she was discharged, and that she was paid less while employed in this position and discharged therefrom because of her gender. From this complaint one could infer a charge that it was the employer's policy to hire few women, as well as to discriminate against all women in promotions and pay. Id.
 
 
 16
 Likewise, the investigation in the instant case was insufficiently broad to put the defendants on notice that the plaintiffs intended to file a complaint alleging class-based discrimination. To be sure, the EEOC sent Baskin a questionnaire that sought payroll records for all sales persons and an explanation for the differences between the salaries of male and female sales persons. The EEOC did not, however, pursue this matter any further, but issued a right-to-sue letter the next day. It correctly argues that it is not the scope of the actual investigation pursued that determines what complaint may be filed, but what EEOC investigation could reasonably be expected to grow from the original complaint. As we noted above, however, plaintiffs' EEOC charges cannot be construed to allege class-wide discrimination. Because both the EEOC charge and the ensuing investigation were insufficient to put the defendants on notice of any intention of the plaintiffs to make allegations of class-wide discrimination in their complaint, the district judge was correct in dismissing the charges of class-wide discrimination.
 
 
 17
 Finally, the circumstances surrounding the plaintiff's filing of her EEOC charge and Title VII complaint in Fellows differ greatly from those in this case. Most importantly, in Fellows, the defendant had received a letter from the plaintiff's attorney shortly after her charge was filed, stating that if a settlement could not be reached, a class action lawsuit would be filed. 701 F.2d at 448. The defendant thereafter refused to answer the EEOC's questions concerning its other employees, indicating, as the Fifth Circuit pointed out, that it was aware of the EEOC's intent to conduct a class-wide investigation and wished to avoid this possibility. Id. at 451. Here, the plaintiffs' filing of additional charges with the EEOC five days before they filed their complaint suggests a contrary conclusion: that neither Baskin nor HSSI had notice of any class-wide claims.
 
 Plaintiffs' Additional Revised Charges
 
 18
 We do not think that plaintiffs' additional claims were sufficient to allow them to bring charges against HSSI or a class-wide suit against either party. As we have noted above, the entire point of the charge-filing requirement is to give notice to the defendants, and to afford an opportunity for conciliation. The plaintiffs filed their lawsuit five days after they sent the revised charges to the EEOC. The EEOC never accepted the amended charges, and the plaintiffs apparently never intended them to. We agree with defendants that this was an unsuccessful tactic to attempt to circumvent the EEOC charge-filing requirement.
 
 
 19
 Although the charge-filing requirement is not jurisdictional, filing an EEOC charge and receiving a right-to-sue letter still is a prerequisite to suit unless the claimant's failure to receive a right-to-sue letter is attributable to EEOC error. Cf. Movement for Opportunity and Equality v. General Motors Corp., 622 F.2d 1235, 1240-41 (7th Cir.1980) (pre-Zipes case holding that filing and receiving a right-to-sue letter is jurisdictional prerequisite except in the case of misleading acts by EEOC, employer or union); see also Cobb v. Stringer, 850 F.2d 356, 359-60 (8th Cir.1988) (genuine issue of material fact existed as to whether plaintiff's initial visit to and filing with the EEOC tolled 180-day filing requirement as to amended charge, where plaintiff's affidavit showed that she had detailed all her employment difficulties to the EEOC at that time, and EEOC had helped plaintiff draft original charge, and had assured her that omissions could be cured by later amendment); McKee v. McDonnell Douglas Tech. Servs. Co., 700 F.2d 260, 263-64 (5th Cir.1983) (district court erred in granting summary judgment as to plaintiff's Title VII claim where plaintiff's complaint alleged facts that, if presented to the EEOC on her first visit there, were not precluded by Department of Labor jurisdiction over other claim, and thus should have been accepted by the EEOC); Hicks, 572 F.2d at 964-65 (genuine issue of material fact existed as to whether plaintiff reasonably attempted to amend his charge to include sex discrimination, but the EEOC improperly refused to accept the amendment).
 
 
 20
 The EEOC now claims that it erroneously considered the matter closed as of the date it issued the right-to-sue letter based on the original charges, when it should have accepted these charges. It contends that the plaintiffs should not be penalized for its error.[2] In this case, we cannot say that the plaintiffs' failure to receive a right-to-sue letter on these charges is attributable to EEOC error. The plaintiffs filed their second lawsuit five days after sending the revised charges to the EEOC, and the EEOC could not have had time to act upon these charges before this time. It appears to us that the plaintiffs intended to file their second lawsuit in district court regardless of what the EEOC did. To allow this would circumvent the purpose of securing voluntary compliance with the mandates of Title VII. It is true, as we have discussed above, that the EEOC investigation does not limit the scope of the subsequent claim. Moreover, defendants do not have an inalienable right to conciliation. Eggleston, 657 F.2d at 907; Gamble, 514 F.2d at 688. Nonetheless, conciliation is the preferred method of settling disputes and claimants are not permitted to bypass the administrative process. Ostapowicz, 541 F.2d at 398-99. In this case, we do not see how the EEOC could have begun an investigation or even decided not to pursue an investigation in so short a time. Thus, we hold that the claim against HSSI and the class-wide claim were not properly before the EEOC based on the revised charges.
 
 
 21
 Dismissal of the Individual Title VII Claim Against Baskin
 
 
 22
 The district court dismissed the remaining Title VII claim (the individual claim against Baskin)[3] on the ground that plaintiffs' claims in this regard could be fully adjudicated in the plaintiffs' other lawsuit involving the Equal Pay Act. We agree with the plaintiffs, however, that this was error. Although this court said in Patkus v. Sangamon-Cass Consortium, 769 F.2d 1251, 1260 n. 2 (7th Cir.1985), that "Title VII and the Equal Pay Act are to be construed 'in harmony,' " this does not mean that the two acts are fully coextensive. In plaintiffs' Title VII complaint, they allege discrimination not only in pay, but in promotion as well. This is something which is beyond the scope of the Equal Pay Act. Thus, for this reason alone, plaintiffs should be allowed to maintain a separate Title VII claim. Cf. Riordan v. Kempiners, 831 F.2d 690, 695 (7th Cir.1987) (employees complaining about sex discrimination in pay can bring suit under Title VII as well as under Equal Pay Act); EEOC v. Madison Community Unit School Dist. No. 12, 818 F.2d 577, 586 (7th Cir.1987) (where plaintiff is woman and her only complaint is discrimination in pay, Title VII and Equal Pay Act overlap to considerable extent). Moreover, Title VII's wage coverage is broader than that of the Equal Pay Act. County of Washington v. Gunther, 452 U.S. 161, 178-80, 101 S.Ct. 2242, 2252-53, 68 L.Ed.2d 751 (1981). Finally, as the EEOC points out, even if the plaintiffs' Equal Pay Act and Title VII claims had been identical, Title VII is an independent remedy, in that it may be pursued in conjunction with other remedies. Alexander v. Gardner-Denver Co., 415 U.S. 36, 48-49, 94 S.Ct. 1011, 1019-21, 39 L.Ed.2d 147 (1974). Thus, it was error for the district court to dismiss the remaining individual Title VII claims against Baskin.
 
 Conclusion
 
 23
 For the reasons discussed above, the judgment of the district court is AFFIRMED IN PART and REVERSED IN PART, and remanded to the district court with directions to reinstate plaintiffs' individual Title VII claim against Baskin in accordance with this opinion.
 
 
 
 [1]
 In this case, the EEOC, acting as amicus curiae, filed a brief on behalf of the plaintiffs. Because many of the arguments it makes are similar in nature to those made by plaintiffs, we will, unless it is inappropriate, refer to plaintiffs and amicus curiae collectively as "plaintiffs."
 
 
 [2]
 The EEOC claims that its error stems from its failure to consider the revised charges at all, when it should have done so. See 29 C.F.R. Sec. 1601.6; McKee, 700 F.2d at 263-64; Hicks, 572 F.2d at 964-65. It specifically declined to address whether these new charges are timely, on the ground that it initially should have accepted them, and then determined whether they were timely. Thus, we will not consider the timeliness issue either
 
 
 [3]
 The EEOC argues in its brief that the district court's dismissal of the Title VII claim against HSSI, given its observation that HSSI had notice and an opportunity to participate in conciliation against the plaintiffs, is inexplicable. We already have discussed this contention above