James E. HARRIS, Plaintiff,

v.

**STALLMAN TRUCKING COMPANY and DuPage Paper Stock, Inc.,** **Defendants.**

**No. 96 C 2450.**

United States District Court, N.D. Illinois, Eastern Division.

Jan. 8, 1997.

Ronald B. Schwartz, Hedberg, Tobin, Flaherty & Whalen, Chicago, IL, for Plaintiff.

James W. Naisbitt, Chuhak & Tecson, P.C., Chicago, IL, for Defendants.

## MEMORANDUM OPINION AND ORDER

BUCKLO, District Judge.

The plaintiff, James E. Harris, brought suit against the defendants, Stallman Trucking Inc.[1] ("Stallman Trucking") and DuPage Paper Stock, Inc. ("DuPage Paper Stock"), for violations of Title VII of the Civil Rights Act. On November 5, 1996, I granted an agreed motion to dismiss Stallman Trucking. DuPage Paper Stock now moves to dismiss. I convert the motion to a motion for summary judgment and, for the following reasons, deny it.

### I.

Mr. Harris is a Hebrew Pentecostal. On April 7, 1995, Mr. Harris was hired as a truck driver, having been promised that his assignments would not conflict with his Friday Sabbath observance. Despite Mr. Harris' repeated requests, this promise was not kept and in June 1995, Mr. Harris complained to the defendants' president. On August 24, 1995, Mr. Harris was fired for purportedly performance-related reasons.

Mr. Harris filed a complaint with the Equal Employment Opportunity Commission ("EEOC") on January 23, 1996. He named only Stallman Trucking whom he believed to be his employer. It turns out, however, that the plaintiff was technically employed by DuPage Paper Stock. The EEOC issued the right-to-sue Stallman Trucking letter on January 29, 1996. Mr. Harris brought suit on April 25, 1996, naming Stallman Trucking and DuPage Paper Stock and charging them with religious discrimination and retaliatory dismissal, both violations of 42 U.S.C. §§ 2000e et seq. On November 5, 1996, I

granted an agreed motion to dismiss Stallman Trucking. DuPage Paper Stock now moves to dismiss.

### II.

■ DuPage Paper Stock argues that it should be dismissed from the case because Mr. Harris did not name it in the EEOC charge.[2] This issue cannot be resolved without information outside the complaint. Both sides refer to and submit such information. Since most recently, this Circuit has characterized the issue of whether a party unnamed in the EEOC charge is a proper Title VII defendant as nonjurisdictional, *Schnellbaecher v. Baskin Clothing Co.*, 887 F.2d 124, 126 (7th Cir.1989), *but see Eggleston v. Chicago Journeymen Plumbers*, 657 F.2d 890, 905 (7th Cir.1981) (jurisdictional), I can rely on extraneous materials only in the context of a motion for summary judgment. Therefore, I convert the present motion to dismiss to a motion for summary judgment. Fed. R.Civ.P. 12(b). Summary judgment is proper when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R.Civ.P. 56(c).

■ A party not named in an EEOC charge may not ordinarily be sued under Title VII. *Schnellbaecher*, 887 F.2d at 126. The policy underlying this requirement is that an EEOC charge "provides notice to the party to be sued, and ... affords that party an opportunity to participate in conciliation in an effort to voluntarily comply with Title VII." *Bright v. Roadway Servs.*, Inc., 846 F.Supp. 693, 696 (N.D.Ill.1994). Thus, when these policy concerns are satisfied, an exception to the general rule exists. *Eggleston*, 657 F.2d at 904–908. "The purpose behind this exception is to prevent frustration of the goals of Title VII by not requiring procedural exactness in stating the charges," particularly of pro se complainants. *Id.* at 905–06. "[T]he decisive factor in de-

---

1. Stallman Trucking Inc. is misidentified as Stallman Trucking Company in the complaint caption.

2. In its motion to dismiss, DuPage Paper Stock also argues that Mr. Harris' complaint must be

dismissed because his EEOC charge was untimely. On December 13, 1996, the defendant informed this court that it was withdrawing this argument. Therefore, I will not address it.

termining if [this exception applies] ... is whether the unnamed defendant had notice that it was subject to suit[, because w]hen a party has notice of the possibility of a discrimination action against it, that party has the opportunity, or at least the incentive, to conciliate." *Bright,* 846 F.Supp. at 697 (citing *Eggleston,* 657 F.2d at 906) (italics in the original).

In *Eggleston,* the EEOC charge, naming Local 130, "clearly complained of discriminatory exclusion from the apprenticeship program." 657 F.2d at 906. The unnamed defendant, the JAC, "administer[ed] the only apprentice program of record." Five members of the ten person JAC board were appointed by Local 130, and were serving as officers within Local 130 and the JAC. Holding that the notice requirement was satisfied, the Court concluded that "the JAC knew or should have known of the EEOC charge[,]" which "was sufficient to apprise ... the JAC of the alleged discriminatory practices." *Id.*

The instant EEOC charge, filed by Mr. Harris pro se, clearly complains about discriminatory and retaliatory conduct of his employer, identified as Stallman Trucking.[3] Mr. Curran is the controller of Stallman Trucking and DuPage Paper Stock, as well as the Treasurer of Stallman Trucking.[4] He handles employee matters for both companies. Mr. Curran knew that Charles Stallman, the Traffic Manager of Stallman Trucking, hired Mr. Harris. Mr. Curran knew that Stallman Trucking employed only two individuals, himself and Mr. Stallman. DuPage Paper Stock operates out of three facilities, including 626 East 111th Street, Chicago. This address appears on Mr. Harris' EEOC charge. The EEOC mailed a copy of the right-to-sue Stallman Trucking letter to 262 East 111th Street, it was faxed to Mr. Curran's office, and he brought it to the attention of company counsel. Therefore, it would appear likely that the EEOC charge itself followed the same communication route. Assuming this was the case, upon receipt of the EEOC charge naming Stallman Trucking, Mr. Curran, and, through him, DuPage Paper Stock, knew or should have known that Mr. Harris was really complaining about DuPage Paper Stock's conduct, which "would be subject to EEOC inquiry." *Eggleston,* 657 F.2d at 906. "[T]o the extent [that] a blind eye [wa]s turned so that a motion such as this c[ould] be filed, that practice will not be encouraged here." *Johnson v. County of Cook,* 864 F.Supp. 84, 87 (N.D.Ill.1994).[5]

DuPage Paper Stock insists that it does not fall under the exception because it did not have a meaningful opportunity to participate in conciliation. Admittedly, *Eggleston* explored "whether [the unnamed defendant] ... ha[d] been given an opportunity to participate in conciliation proceedings aimed at a voluntary compliance with Title VII." 657 F.2d at 906. This inquiry was only necessary, however, because such proceedings actually took place between the plaintiffs and the named defendant. Implicitly, the Court sought to ensure that the formal exclusion of the unnamed defendant from the conciliation process did not prejudice it. *Vakharia v. Swedish Covenant Hosp.,* 824 F.Supp. 769, 775 (N.D.Ill.1993).

In the present case, as in *Vakharia,* Mr. Harris

> received h[is] right-to-sue letter before h[e] and [Stallman Trucking] ... could enter into the conciliation process. We therefore need not reach the issue of whether the interests of the unnamed defendant[ ] were represented adequately during the EEOC proceedings. Since nothing of significance happened while the case was before the EEOC, the unnamed defendant[, DuPage Paper Stock,] could

---

3. All facts set forth hereinafter are undisputed.

4. The president and owner of 100 percent of Stallman Trucking and DuPage Paper Stock is Mario Jurcik.

5. In *Johnson,* the record showed that the plaintiff named only the Department of Corrections in the EEOC charge, claiming, among other things, retaliatory discharge. The court allowed the plaintiff to proceed against the unnamed sheriff because the sheriff "initiates termination proceedings ..., making it unlikely that when the [Department of Corrections] receives an administrative employment complaint that the sheriff's office is not notified." 864 F.Supp. at 87. Moreover, the same counsel represented the named and the unnamed defendants, *id.,* as is the case at bar.

not have been prejudiced by [Mr. Harris'] failure to name it. *See id; see also Rivera v. Puerto Rican Home Attendants Servs., Inc.*, 922 F.Supp. 943, 948 (S.D.N.Y.1996) *(motion to dismiss unnamed defendant denied where the policy of "encouraging voluntary compliance" was not frustrated because "there was no investigation or effort at conciliation").* In the absence of a conciliation proceeding, notice of allegations of discriminatory conduct is equivalent to an opportunity to conciliate, because "[a]s soon as [DuPage Paper Stock] had notice of the charge, ... nothing prevented it from attempting to resolve the alleged discrimination in an amicable manner." *See Eggleston*, 657 F.2d at 907.[6]

"An additional factor to be considered is whether strictly holding a plaintiff to the filing requirement could deprive h[im] of redress of any legitimate grievances." *Stephenson v. CNA Fin. Corp.*, 775 F.Supp. 238, 239 (N.D.Ill.1991) (citing *Eggleston*, 657 F.2d at 907). In the present case, disallowing Mr. Harris' suit against DuPage Paper Stock would deprive the plaintiff of redress of every legitimate grievance, because DuPage Paper Stock is the only defendant. *Compare id.* (officers of employer who were unnamed in EEOC charge could not be sued because plaintiff could sue employer).

Finally, to determine whether DuPage Paper Stock is a proper defendant, both parties rely upon a flexible Third Circuit test utilized in *Eggleston*:

(1) Whether the role of the unnamed party could through reasonable effort by the complainant be ascertained at the time of the filing of the EEOC complaint.

(2) Whether, under the circumstances, the interests of a named party are so similar to the unnamed party's that for the purpose of obtaining voluntary conciliation and compliance it would be unnecessary to include the unnamed party in the EEOC proceedings.

(3) Whether its absence from the EEOC proceedings resulted in actual prejudice to the interests of the unnamed party.

(4) Whether the unnamed party has in some way represented to the complainant that its relationship with the complainant is to be through the named party.

657 F.2d at 908 (citing *Glus v. G.C. Murphy Co.*, 562 F.2d 880, 888 (3rd Cir.1977)).

In *Mihalik v. Illinois Trade Ass'n,* No. 93 C 6782, 1994 WL 66915, at *2 (N.D.Ill. Feb. 25, 1994), the court allowed the plaintiff to add a defendant unnamed in the EEOC charge where, *inter alia,* there was "considerable overlap" between the named and the unnamed defendants, they shared a vice president, and the plaintiff was lead to believe that her employer was the named defendant. The instant case is similar. Mr. Harris was hired by Mr. Stallman, the Traffic Manager of Stallman Trucking, whose duties include hiring drivers for DuPage Paper Stock. Mr. Jurcik is the president and owner of 100 percent of Stallman Trucking and DuPage Paper Stock. Mr. Curran is the controller of both companies. Much of the paperwork that Mr. Harris filled out when he started and throughout his employment was ambiguous as to the correct name of his employer, listing the names of Stallman Trucking, DuPage Paper Stock, or both. The majority of trucks driven by Mr. Harris were marked "Stallman." Mr. Harris' supervisor was a dispatcher for Stallman Trucking and an employee of DuPage Paper Stock. Mr. Harris was neither specifically told that DuPage Paper Stock was his employer nor informed about the relationship between DuPage Paper Stock and Stallman Trucking. While his pay checks were from DuPage Paper Stock, Mr. Harris claims that he never noticed this fact because he always gave his pay checks to his wife. Accordingly, there is a genuine issue of material fact with respect

---

6. DuPage Paper Stock insists that Mr. Harris should not enjoy the benefit of the *Eggleston* exception because he requested the right-to-sue letter six days after filing the charge, a period too short for conciliation. The timing, however, is irrelevant. Had Mr. Harris named DuPage Paper Stock and then requested the right-to-sue letter within six days, the defendant would be in the identical posture in which it presently finds itself, yet it would have no grounds for dismissal. Conciliation before the EEOC "is not an inalienable right of a defendant;" what is required is notice. *Eggleston*, 657 F.2d at 907.

to the first and fourth prongs of the *Eggle-ston* test.

The second and third factors are irrelevant in this case since there were no conciliation proceedings. *See Vakharia*, 824 F.Supp. at 775, *supra; see also Cook v. Arrowsmith Shelburne, Inc.*, 69 F.3d 1235, 1242 (2nd Cir. 1995) ("there were no EEOC proceedings in the instant case and [the unnamed defendant] ... could not have been prejudiced in any way").

### Conclusion

For the reasons stated above, Dupage Paper Stock's motion to dismiss is converted to a motion for summary judgment and denied.