Linda GARNER, Plaintiff,

v.

KNOLL BROTHERS QUICK MARTS, INC. d/b/a Fast Eddies and David C. Knoll, Defendants.

No. 3:96 CV 522 AS.

United States District Court, N.D. Indiana, South Bend Division.

April 4, 1997.

Shaw R. Friedman, Friedman and Associates, LaPorte, IN, for plaintiff.

F. Anthony Paganelli, Ruman Clements Tobin and Holub, Hammond, IN, for defendants.

## MEMORANDUM AND ORDER

ALLEN SHARP, District Judge.

This cause is before the court on Defendants' Motion to Dismiss. With the matter having been fully briefed and the court having heard oral argument, this court now rules as follows.

### I. JURISDICTION

This action arises under Title VII of the Civil Rights Act of 1964, 28 U.S.C. § 1981(a), as amended by the Civil Rights Act of 1991, 42 U.S.C. § 2000e *et seq.* Jurisdiction is proper pursuant to 28 U.S.C. § 1343(4), 42 U.S.C. § 2000e–5(f), and a right to sue letter issued by the EEOC on April 19, 1996.

### II. FACTUAL BACKGROUND

The plaintiff was employed by defendants, Knoll Brothers Quick Marts, Inc., doing business as Fast Eddies from December 1, 1985 to August of 1995. Plaintiff is an African–American. She was originally hired as a cashier, but was promoted to Assistant Store Manager at the Michigan Boulevard store in June of 1993. Plaintiff claims that she never received any disciplinary write-ups or complaints during her term as manager, yet she was demoted to cashier in October of 1994. Plaintiff further claims that David Knoll's stated reason for her demotion was that cost cutting was necessary. After plaintiff's demotion defendants allegedly gave pay raises to other employees with lesser seniority than plaintiff. Defendants also hired a white employee with less experience for an assistant manager's position at another store and did not allow plaintiff to even apply to the opening. According to plaintiff, all of her supervisors were Caucasian and no African American had ever held a managerial position in Quick Marts' other stores.

Due to plaintiff's demotion and salary cut, she was forced to find additional work to supplement her income. She obtained a second job. During the next weeks defendants allegedly reduced plaintiff's scheduled work hours to the point where she was no longer working.

### III. PROCEDURAL BACKGROUND

Plaintiff claims she was constructively discharged from her employment at Fast Eddies, a Knoll Brothers Quick Marts, Inc. store. Plaintiff filed charges of race and gender discrimination with the Michigan City Human Rights Commission and the EEOC on February 6, 1995. After investigation, a right to sue letter was issued. Plaintiff then filed the present action.

Defendants claim that the plaintiff has not exhausted her administrative remedies. They allege that neither of them was actually or properly named in plaintiff's EEOC action. They further claim that they had no notice of plaintiff's intent to file charges against them and had no opportunity to participate in conciliation proceedings. Additionally, defendants claim that plaintiff has no cause of action as to David C. Knoll individually because he is not an "employer" as defined by Title VII. Defendants therefore ask that plaintiff's cause be dismissed as to both defendants or in the alternative at least as to David C. Knoll, individually.

■ Defendants filed a Motion to Dismiss pursuant to Rule 12(*o*)(6). The court may dismiss a complaint pursuant to a Rule 12(b)(6) motion "only if 'it is clear beyond doubt that the non-movant can plead no facts that would support his claim for relief.'" *Palda v. General Dynamics Corp.*, 47 F.3d 872 (7th Cir.1995) (*quoting Conley v. Gibson*, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80(1957)). Courts will often convert a motion to dismiss to a motion for summary judgment. The court has complete discretion in determining whether a motion to dismiss should be converted into a motion for summary judgment. *Sheldon v. Munford, Inc.*, 660 F.Supp. 130 (N.D.Ind.1987). The court considers whether proffered, extra-pleading material and actual conversion will likely facilitate disposition of action. *Id.*

During the pre-trial conference on October 11, 1996, this court determined that the defendants' Motion to Dismiss would be considered as a Motion for Summary Judgment. (R. at 12).

### IV. INTRODUCTION

Under Rule 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). In ruling on a motion for summary judgment, the evidence of the non-movant must be believed and all justifiable inferences must be drawn in the non-movant's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Schmidt v. Methodist Hosp. of Indiana, Inc.*, 89 F.3d 342, 344 (7th Cir.1996). If "the record taken as a whole could not lead a rational trier of fact to find for the non-moving party there is no 'genuine' issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). Facts are material if they might affect the outcome of the case under applicable law, and a dispute over material facts is "genuine" only if a reasonable jury could resolve it for the non-moving party. *Anderson*, 477 U.S. at 248, 106 S.Ct. at 2510. Additionally, the party moving for summary judgment has the initial burden of showing that there are no disputed material facts and that it is entitled to judgment in its favor. *Hannon v. Turnage*, 892 F.2d 653 (7th Cir.), *cert. denied*, 498 U.S. 821, 111 S.Ct. 69, 112 L.Ed.2d 43 (1990).

This court's function is not to weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine issue for trial. Credibility determinations and the weighing of evidence are jury functions, not those of a judge deciding a motion for summary judgment, *Anderson*, 477 U.S. at 255, 106 S.Ct. at 2513-14. In an employment discrimination suit, where credibility and intent are pivotal issues, these standards apply with added rigor. *Courtney v. Biosound, Inc.*, 42 F.3d 414 (7th Cir.1994).

Furthermore, when reviewing a *pro se* action the court must employ standards less stringent than if the action had been drafted by counsel. *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972); *Jamison–Bey v. Thieret*, 867 F.2d 1046 (7th Cir.1989); *Jones v. Morris*, 777 F.2d 1277 (7th Cir. 1985). *cert. denied* 475 U.S. 1053, 106 S.Ct. 1280, 89 L.Ed.2d 587. Applying the above standards this court finds as follows.

## V. DISCUSSION

In their motion, defendants claim that plaintiff failed to perform the conditions precedent to filing a federal court action under Title VII. Defendants claim that plaintiff did not specifically name them in her EEOC charges and therefore is precluded from naming them in her federal court action. Defendants contend that because they were not specifically named in any EEOC charges plaintiff has failed to exhaust her administrative remedies. Defendants further claim that even if Knoll Bros. Quick Marts, Inc. is a proper defendant, plaintiff's claim against David C. Knoll, individually, cannot stand.

█ In the present case plaintiff filed her Human Rights Commission and EEOC charges *pro se*. Complainants often file EEOC charges without assistance of counsel and are not versed either in the technicalities of pleading or the jurisdictional requirements of the Act. *Eggleston v. Chicago Journeymen Plumbers' Local Union*, 657 F.2d 890 (7th Cir.1981), *cert. denied*, 455 U.S. 1017. It is well established that *pro se* complaints, "however unartfully drafted," are held to "less stringent standards than formal pleadings drafted by lawyers." *Estelle v. Gamble*, 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976); *See also Harris v. Stallman Trucking Co.*, 951 F.Supp. 134 (N.D.Ill.1997)(purpose of exceptions is to prevent frustration of the goals of Title VII by not requiring procedural exactness ... particularly of *pro se* complainants); *Bright v. Roadway Servs., Inc.*, 846 F.Supp. 693 (N.D.Ill.1994). Moreover, the administrative filing requirements imposed under Title VII are not jurisdictional prerequisites which pose an absolute bar to suit, but rather are conditions precedent, similar to statutes of limitation which are subject to

equitable modification. *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 102 S.Ct. 1127, 71 L.Ed.2d 234 (1982), *reh'g denied* 456 U.S. 940, 102 S.Ct. 2001, 72 L.Ed.2d 461; *Perkins v. Silverstein*, 939 F.2d 463 (7th Cir.1991); *Schnellbaecher v. Baskin Clothing Co.*, 887 F.2d 124 (7th Cir.1989).

### A. Exhaustion of Administrative Remedies

█ It is well settled that a plaintiff must exhaust her administrative remedies prior to filing a Federal claim. 42 U.S.C. § 2000e–5(e); *Schnellbaecher*, 887 F.2d 124. In order for a plaintiff to exhaust her administrative remedies she must first seek relief through the Equal Employment Opportunity Commission (EEOC), or another agency with which the EEOC cooperates. 42 U.S.C. § 2000e–5(f)(1); *Alexander v. Gardner–Denver Co.*, 415 U.S. 36, 94 S.Ct. 1011, 39 L.Ed.2d 147 (1974). The record shows that plaintiff timely filed her discrimination claim with the appropriate administrative agencies. However, in that action she named "Knoll Bros. Oil, Inc.attn. David C. Knoll" and "Fast Eddies". The first issue to address is whether plaintiff's failure to correctly name Knoll Brothers Quick Marts, Inc. (hereinafter Quick Marts) and David C. Knoll, individually (hereinafter Knoll), requires dismissal of the present complaint.

Defendants argue that because plaintiff named Fast Eddies, one of their stores, in her EEOC complaint instead of Quick Marts she is now precluded from naming Quick Marts. Defendants base their argument on the premise that neither Quick Marts nor Knoll were ever charged in an administrative proceeding. Therefore, defendants claim they had no notice as to any charges relating specifically to them and that no administrative review occurred concerning them.

█ Ordinarily, a party not named in an EEOC charge may not be sued under Title VII. However, given the Civil Rights Act's purposes, charges are to be construed with utmost liberality and parties sufficiently named or alluded to in the factual statement are to be joined. *Eggleston*, 657 F.2d at 905. The purpose of this exception is to prevent frustration of the goals of Title VII by not

requiring procedural exactness. *Id.* at 906. It is noted that Congress could not have intended that a person filing EEOC charges should accurately ascertain, at the risk of later facing dismissal, at the time the charges were made, every separate entity which may have violated Title VII. *Id.* at 906; *See Jenkins v. Blue Cross,* 538 F.2d 164 (7th Cir. 1976), *cert. denied* 429 U.S. 986, 97 S.Ct. 506, 50 L.Ed.2d 598.

■ In *Eggleston,* the Seventh Circuit adopted an exception to the general rule that a party must be named in an EEOC charge in order to be sued Under Title VII. 657 F.2d 890. "[T]he decisive factor in determining if [this exception applies] . . . is whether the unnamed defendant had notice that it was subject to suit [, because w]hen a party has notice of the possibility of a discrimination action against it, that party has the opportunity, or at least the incentive, to conciliate." *Bright,* 846 F.Supp. at 697 (*citing Eggleston,* 657 F.2d at 906) (italics in the original). In addition, a court may consider whether strictly holding a plaintiff to the pleading requirements could deprive her of redress of any legitimate grievances. *Eggleston,* 657 F.2d at 907, (*citing Glus v. G.C. Murphy Co.,* 562 F.2d 880 (3d Cir.1977)); *Secrist v. Burns Int'l Security,* 926 F.Supp. 823 (E.D.Wis. 1996). The *Eggleston* exception is routinely applied by the courts in this circuit.[1]

### 1. Notice

Defendants argue that the *Eggleston* exception does not apply. This court does not agree with defendants' interpretation. Plain-

tiff's reliance on the *Eggleston* exception is well placed. The present case is similar to the recent cases of *Harris* and *Eskridge*[2], both of which applied an *Eggleston* analysis and determined that the originally unnamed defendants should remain in the suit. In both of those cases the court noted that the plaintiff's EEOC charge was filed without the assistance of counsel and thereby deserved greater latitude in interpretation. The same applies here.

In *Harris,* the plaintiff filed an EEOC charge naming Stallman Trucking whom he believed to be his employer. He obtained a right to sue letter. The plaintiff discovered that he was technically employed by DuPage Paper Stock. He then named both DuPage and Stallman in his federal claim. DuPage moved for dismissal. 951 F.Supp. at 135. The court found that: the EEOC charge clearly complained about discriminatory conduct of the employer; the plaintiff's supervisor at Stallman Trucking was also an officer of DuPage Paper, and; this person knew plaintiff had filed charges incorrectly naming Stallman. Therefore, the court held that DuPage · knew or should have known that plaintiff was really complaining about DuPage Paper and refused to dismiss them from the action. *Id.* at 136.

■ Similarly, in *Eskridge,* the plaintiff initially named her supervisor and Kenco Plastics. She later added four additional defendants to her complaint. In deciding whether to dismiss the additional defendants this court looked to the four-prong test from *Eggleston*[3]. The court recognized, however,

---

1. There are numerous reported and recent unreported decisions applying this exception. These cases are some of the most recent. *See, e.g., E.E.O.C. v. Vucitech,* 842 F.2d 936 (7th Cir. 1988); *Harris v. Stallman Trucking Co.,* 951 F.Supp. 134 (N.D.Ill.1997); *Bright v. Roadway Servs., Inc.,* 846 F.Supp. 693 (N.D.Ill.1994); *Allen v. City of Chicago,* 828 F.Supp. 543 (N.D.Ill. 1993); *Walaszek v. Reinke Wholesale Supply Co.,* No. 95 C 4218, 1996 WL 547210 (N.D.Ill.); *Eskridge v. Coates,* No. S90–416(RLM), 1991 WL 135017 (N.D.Ind.).

2. *Harris v. Stallman Trucking Co.,* 951 F.Supp. 134 (N.D.Ill.1997). *Eskridge v. Coates* is not reported in F.Supp. but may be found at 1991 WL 135017, 57 Fair Empl. Prac. Cas. (BNA) 586 and is a Northern District of Indiana case that is on point with the present case.

3. *Eskridge* was decided by Judge Miller of this court. The test originated with *Glus v. G.C. Murphy Co.,* 629 F.2d 248 (3d Cir.1980). The prongs are: (1) Whether the role of the unnamed party could through reasonable effort by the complainant be ascertained at the time of the filing of the EEOC complaint; (2) Whether the interests of a named party are so similar to the unnamed party's that for the purpose of obtaining voluntary conciliation it would be unnecessary to include the unnamed party in the EEOC proceedings; (3) Whether its absence from the EEOC proceedings resulted in actual prejudice to the interests of the unnamed party, and; (4) Whether the unnamed party has in some way represented to the complainant that its relationship with the complainant is to be through the named party. While this test was also applied in

that the test was not to be applied mechanically and that no single prong was decisive. 1991 WL 135017 at *2. The court determined that the parties not named in the EEOC proceedings were closely related to those who were named. *Id.,* 1991 WL 135017 at *3. Their interests were essentially the same as those of Kenco and the named supervisor. Additionally, the court found relevant the fact that the supervisor owned the unnamed parties. *Id.,* 1991 WL 135017 at *4. Because the supervisor owned the unnamed corporations and had notice of the claim, no actual prejudice to their interests occurred. *Id.,* 1991 WL 135017 at *3. The court stated that even though the plaintiff probably could have ascertained the correct names, this was not sufficient to dismiss the cause of a *pro se* plaintiff Considering all the facts, the court held that the four defendants should not be dismissed. *Id.*

In the present case the record indicates that both defendants David C. Knoll and Knoll Brothers Quick Mart, Inc. should have had notice of them charges against them. Like *Harris,* the EEOC complaint clearly names "Fast Eddies", a Knoll Bros. store. In addition, the notice to Knoll Bros. Oil Co. is directed to the attention of David C. Knoll. Furthermore, in the EEOC claim the plaintiff specifically discusses the role David C. Knoll played in her hiring, promotion, demotion and discharge. Moreover, like *Eskridge,* the supervisor, Knoll, is an owner of the unnamed Quick Marts. This is an additional indication that Knoll and Quick Marts knew or should have known of plaintiff's charges. Therefore, plaintiff's incorrect naming of defendants in her EEOC charge is not fatal and does not require dismissal.

### 2. *Opportunity to Conciliate*

■ The opportunity to participate in conciliation is closely related to whether the defendant had sufficient notice. Conciliation is the preferred method of settling disputes and claimants are not permitted to bypass the administrative process. *Schnellbaecher,* 887 F.2d at 129; *Ostapowicz v. Johnson*

*Bronze Co.,* 541 F.2d 394 (3rd Cir.1976), *cert. denied,* 429 U.S. 1041, 97 S.Ct. 741, 50 L.Ed.2d 753 (1977). However, conciliation is not an inalienable right of Title VII defendants. *Vakharia v. Swedish Covenant Hospital,* 824 F.Supp. 769 (N.D.Ill. 1993). Sometimes a defendant's right to full participation in conciliation must give way to the plaintiff's right to sue the appropriate parties. *Id.*

■ Defendants claim they had no opportunity to conciliate on their own behalf. Defendants interpret the opportunity to conciliate too narrowly. Defendants rely on *Schnellbaecher.* 887 F.2d 124. That case is distinguishable from the present case. In *Schnellbaecher,* the plaintiff attempted to file revised charges with the EEOC and then file a lawsuit only five days later without a right to sue letter. *Id.* at 128–29. The EEOC had no time to act on the revised charges. The court determined that the plaintiff was merely attempting to circumvent the administrative process and therefore, allowed dismissal of the defendants. Additionally, in *Schnellbaecher,* plaintiff's employer, Baskin Clothing, was a subsidiary of the parent company HSSI. It operated independently. The records subpoenaed in *Schnellbaecher* were only from the subsidiary company. The parent company did not know it was involved. As a result, the court reasoned that HSSI had no reason to suspect that plaintiff's charges involved them.

In comparison, in the present case the named and unnamed defendants are not parent and subsidiary. They are all owned (at least in part) by the same entity, David C. Knoll. Unlike *Schnellbaecher* the present record shows that Quick Marts does business as "Fast Eddies", the named defendant. In addition, the EEOC claim was directed to the attention of David C. Knoll. Information was subpoenaed from David C. Knoll. He was required to provide corporate documents from Knoll Bros. Quick Marts to the EEOC. Furthermore, David C. Knoll was directly questioned regarding the alleged discrimination. Plaintiff was not attempting to circum-

---

*Eggleston,* the court notes that the "*Eggleston* 'notice' analysis, and not the *Glus* test controls the standard by which courts in the Seventh Circuit determine whether a party not named in

an EEOC charge is amenable to suit." *See Bright,* 846 F.Supp. 693; *Pauls v. Elaine Revell, Inc.,* 571 F.Supp. 1018 (N.D.Ill.1983); *Walaszek,* 1996 WL 547210 (N.D.Ill.).

vent the administrative process. She obtained her right to sue letter. There was sufficient time for both Knoll and Quick Marts to participate in conciliation, and in fact, they did participate. This is sufficient to show that Knoll Bros. Quick Marts and David C. Knoll had both notice and an opportunity to participate in conciliation.

The present case is similar to *Redding v. Freeman Products, Inc.*, No. 94 C 398, 1995 WL 410922 (N.D.Ill.) and *Walaszek v. Reinke Wholesale Supply Co.*, No. 95 C 4218, 1996 WL 547210 (N.D.Ill.). In *Redding*, the party seeking dismissal had previously responded to the EEOC regarding the plaintiff's EEOC charges even though that party was not named in the action. 1995 WL 410922 at *6. The court held that this was adequate notice because the party had an opportunity to participate in the conciliation proceedings regardless of whether it was actually named. In *Walaszek*, a notice of the charge was sent to a person who was a controlling officer of both the employer and the unnamed party. 1996 WL 547210 at *5. Both the unnamed party and the notified officer participated in the conciliatory proceedings before the EEOC. *Id.* The court held that the unnamed party could have anticipated that plaintiff might later name it in a suit and denied its motion to dismiss.

Similarly, both Quick Marts and Knoll provided evidence to the EEOC. The records that were subpoenaed came from Quick Marts. Knoll was in direct contact with the EEOC. Like the courts in *Redding* and *Walaszek* this court finds that Quick Marts and Knoll had sufficient opportunity to participate in the conciliation proceedings and therefore should not be dismissed from the present action.

### B. Supervisor Liability

Finally, defendants claim that regardless of whether or not plaintiff has a valid cause of action against Knoll Bros. Quick Marts, Inc., she cannot name David C. Knoll, individually, as he is not an "employer" as defined by Title VII. Title VII prohibits employers from discriminating against individuals on the basis of "race, color, religion, sex or national origin." 42 U.S.C. § 2000e–2(a). The term "employer" means a "person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year, and any **agent of such a person** . . ." § 2000e–2(a) (emphasis added).

Prior to 1995 there was a split of authority in the Seventh Circuit as regards the argument that individual liability was intended in Title VII actions.[4] The confusion centered around the interpretation of the term "agent." However the case of *U.S. E.E.O.C. v. AIC Sec. Investigations, Ltd.*, 55 F.3d 1276 (7th Cir.1995) appears to have settled this confusion. *AIC* involved an ADA claim. Noting that no circuits had directly confronted the question of individual liability under the ADA, the Seventh Circuit looked to the other circuits' interpretation of Title VII and ADEA claims.[5] *Id.* at 1280. The court held that the inclusion of the term "agent" was to ensure that *respondeat superior* liability would be imposed upon employers for acts of their agents. 55 F.3d at 1280–81. The *AIC* decision has been widely followed.[6]

---

4. Plaintiff's cited case law was all decided prior to *AIC* and is indicative of the confusion regarding this issue.

5. The court noted that Title VII and ADEA definitions of "employer" are identical to the ADA. Also, courts routinely apply arguments regarding individual liability to all three statutes interchangeably.

6. *See Williams v. Banning*, 72 F.3d 552 (7th Cir.1995)( a sexual harassment case); *Lynam v. Foot First Podiatry Centers, P.C.*, 886 F.Supp. 1443 (N.D.Ill.1995)(sex discrimination); *Ripberger v. Western Ohio Pizza, Inc.*, 908 F.Supp. 614 (S.D.Ind.1995)(sex discrimination and construc-

tive discharge); *Whitchurch v. Apache Products Co.*, 916 F.Supp. 809 (N.D.Ill.1996) (ADEA); *Vakharia v. Little Co. of Mary Hosp.*, 917 F.Supp. 1282 (N.D.Ill.1996)(national origin); *Burdi v. Uniglobe Cihak Travel, Inc.*, 932 F.Supp. 1044 (N.D.Ill.1996)(gender); *Miller v. CBC Companies, Inc.*, 908 F.Supp. 1054 (D.N.H.1995)(ADEA); *Altman v. N.Y. City Health & Hospitals Corp.*, 903 F.Supp. 503 (S.D.N.Y.1995)(ADEA); *Jenkins v. Bd. of Ed. of Houston Ind. School Dist.*, 937 F.Supp. 608 (S.D.Tex.1996)(ADA); *Czupih v. Card Pak Inc.*, 916 F.Supp. 687 (N.D.Ohio 1996)(race); *Morrow v. Jacksonville, Arkansas*, 941 F.Supp. 816 (E.D.Ark.1996) (ADA and age); *Hardwick v. Curtis Trailers, Inc.*, 896 F.Supp. 1037 (D.Or.1995)(ADA).

The recent Indiana case of *Williams v. Banning,* 72 F.3d 552 (7th Cir.1995) provides further guidance for this court. In *Williams* an employee filed a Title VII action for sexual harassment solely against her former supervisor. The court explicitly stated that "because Title VII does not impose 'employer' liability on a supervisor in his individual capacity for acts which violate the statute, dismissal was warranted." 72 F.3d at 552. In addition, the court recognized that while the *AIC* holding applied only directly to the ADA, Title VII, the ADA, and the ADEA use the same definition of "employer" and courts treat the analysis the same. *Id.* at 553–54. In accordance with the rationale of the Seventh Circuit this court finds that David C. Knoll is not an "employer" under Title VII and therefore is not amenable to individual suit.

### VI. CONCLUSION

For the foregoing reasons Defendants' Motion to Dismiss is **DENIED** in part, as to Knoll Brothers Quick Marts, Inc. and **GRANTED** in part, as to David C. Knoll, individually.

**IT IS SO ORDERED.**