132 F.3d 36
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Jill E. BROWN-HILTZ, Plaintiff-Appellant,
v.
UNITED AIRLINES, INC., et al., Defendants-Appellees.
 No. 97-2215.
 United States Court of Appeals, Seventh Circuit.
 Submitted November 25, 1997.*
Decided December 11, 1997.
 
 Appeal from the United States District Court for the Northern District of Illinois, Eastern Division, No. 90 C 4229; Joan B. Gottschall, Judge.
 Before FAIRCHILD, CUMMINGS and MANION, Circuit Judges.
 
 ORDER
 
 1
 Jill E. Brown-Hiltz ("Brown") appeals the district court's grant of summary judgment in favor of United Air Lines, Inc., Robert Feiten and Kenyon Spencer (collectively, the "defendants"). Brown contends that the court erred in dismissing her lawsuit, in which she claimed that United refused to hire her as a flight officer on account of her race and sex in violation of 42 U.S.C. § 1981 and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e)-2(a). We affirm.
 
 
 2
 Brown is a black female who applied three times to United Airlines, Inc. for the job of flight officer. Each time she applied--in 1977, 1979, and 1987--she was rejected. In April 1987, Brown sent her third application to United. Due to a glut of applications, her application was not processed immediately. Brown filed a charge of discrimination with the EEOC on October 5, 1987, charging United with utilizing discriminatory screening tests to weed out qualified minority applicants and with failing to process her third application. Her application finally was processed in November 1987, however, at which time she was invited to participate in United's flight officer selection process. Brown passed the initial phase of the process, but on July 18, 1988 she failed by a substantial margin the flight simulator test administered during the final interview phase. As a result, United notified Brown by letter dated August 22 1988 that her application had been rejected.
 
 
 3
 The EEOC determined in May 1990 that Brown's charge lacked merit. On July 25, 1990, Brown filed suit in federal district court against United; Robert Feiten, a former United pilot who administered Brown's 1987 flight simulator test; and Kenyon Spencer, a manager of United's Flight Officer Employment department who signed Brown's 1988 rejection letter. In her suit, she charged the defendants with "hir[ing] White Flight Officers in 1977 through 1990 with qualifications and experience far less than myself [and] plac[ing] me in a rejection status since 1977 continuing to the present day." The defendants filed a motion for summary judgment, which the district court granted on grounds that the claims contained in Brown's complaint were not reasonably related to those contained in her EEOC charge of discrimination; that her 1977 and 1979 claims were time-barred under Title VII and did not otherwise survive dismissal; that she failed to establish a prima facie case of discrimination; and that her claims under 42 U.S.C. § 1981 were untimely, among other things.
 
 
 4
 Brown's first argument on appeal is confusing but she appears to argue that the district court erred in dismissing those Title VII claims relating to the 1977 and 1979 applications. Brown argues that because she referenced these earlier applications in her EEOC charge, she may assert claims arising from these applications in this lawsuit. We agree with the district court that these claims are time-barred because they allegedly occurred prior to 300 days before the filing of Brown's EEOC charge. See 42 U.S.C. § 2000e-5(e); Koelsch v. Beltone Electronics Corp., 46 F.3d 705, 707 (7th Cir.1995). We therefore do not need to address whether the district court's other grounds for dismissing these claims are correct. We do note, however, that the district court properly dismissed defendants Feiten and Spencer from the Title VII claim because they are not employers under Title VII. See 42 U.S.C. § 2000e-5; Schnellbaecher v. Baskin Clothing Co., 887 F.2d 124, 126 (7th Cir.1989) ("Ordinarily, a party not named in an EEOC charge may not be sued under Title VII."). Also, they are not employers as required for a claim under Title VII and thus are not properly named defendants in the first place.
 
 
 5
 Brown also argues that the district court erred in granting summary judgment on what remained of her Title VII claim (the 1987 discrimination claim) on grounds that genuine issues of material fact remain in dispute. It is not clear from her lengthy brief, however, which facts she believes to be at issue. Reviewing the motion for summary judgment de novo, Rabinovitz v. Pena, 89 F.3d 482, 486 (7th Cir.1996), we find that Brown's response to the defendants' motion for summary judgment failed to raise single issue of material fact. Brown's memorandum of law neglected to include any citations to external documents, such as affidavits and depositions, and she failed to file a 12N Statement in response to the defendants' 12M Statement. As a result, Brown is deemed to have conceded the defendants' version of the facts. See Feliberty v. Kemper Corp., 98 F.3d 274, 277 (7th Cir.1996) (Local Rule 12N requires the non-moving party to "supplement [her] response [to the defendants' Rule 12M Statement] with a statement of disputed material facts.").
 
 
 6
 In addition, Brown fails to establish the existence of a prima facie case of discrimination under the indirect, burden-shifting analysis set forth in McDonnell Douglas Corp v. Green, 411 U.S. 792 (1973). To make out a prima facie case, Brown needed to show that (1) she is a member of a protected class; (2) she applied for and was qualified for the position sought; (3) United rejected her for the position; and (4) United granted the job to someone whose race was different but who had similar or lesser qualifications. Sample v. Aldi Inc., 61 F.3d 544, 548 (7th Cir.1995). Here, Brown was able to show that she is a member of a protected class, but she cannot demonstrate--due to her failure to pass the flight simulator test--that she was ever qualified for the position sought.
 
 
 7
 Even if we assume the existence of a prima facie case, Brown nonetheless failed to cast doubt on United's proffered legitimate, non-discriminatory reason for its refusal to hire her: her low score on the flight simulator test. Under the burden-shifting analysis set forth in McDonnell Douglas, once the plaintiff establishes the existence of a prima facie case of discrimination, the burden of production shifts to the employer to articulate a legitimate, non-discriminatory reason for the actions it took against the plaintiff. St. Mary,'s Honor Center v. Hicks, 509 U.S. 502, 506-07 (1993); McDonnell Douglas, 411 U.S. at 802. If the defendant makes this showing, the burden remains with the plaintiff to show that the defendant's actions were not legitimate or were undertaken for reasons other than those claimed. Kaniff v. Allstate Insurance Co., 121 F.3d 258, 263 (7th Cir.1997); Rabinovitz v. Pena, 89 F.3d 482, 487 (7th Cir.1996). A plaintiff can establish pretext directly by showing "that a discriminatory reason more likely motivated the employer or indirectly by showing that the employer's proffered reason is unworthy of credence." Billups v. Methodist Hosp. of Chicago, 922 F.2d 1300, 1303 (7th Cir.1991) (citations omitted). Here, United offered a legitimate, non-discriminatory reason for refusing to hire Brown, which Brown failed to refute simply by asserting that United engaged in "covert tactics of fraudulent statistical reporting, removal of the Consent Decree from public view, and concealing how an easy push of a button on simulators can throw a computer programmed test ride to the detriment of an unwanted minority pilot applicant." These assertions are mere speculation unsupported by facts. See Uhl v. Zalk Josephs Fabricators, Inc., 121 F.3d 1133, 1137 (7th cir.1997) ("Facts, not an employee's perceptions and feelings, are required to support a discrimination claim."); Hedberg v. Indiana Bell Tel. Co., Inc., 47 F.3d 928, 931-32 (7th Cir.1995) ("[s]peculation does not create a genuine issue of fact; instead, it creates a false issue, the demolition of which is a primary goal of summary judgment.").
 
 
 8
 Finally, Brown raises two additional arguments: (1) that she is entitled to enforce, as a third-party beneficiary, a 1976 consent decree entered into between United and the EEOC concerning United's employment and membership practices for minorities and females; and (2) that her claim of discrimination under 42 U.S.C. § 1981, which the district court dismissed as barred by the statute of limitations, is saved by the doctrines of equitable tolling and equitable estoppel. Regarding the consent decree, Brown cannot pursue an action against United because she was never a party to the consent decree and she never asserted in her complaint a cause of action for violation of the consent decree. As for the viability of her § 1981 claim, while it is arguable that Brown knew or should have known of the alleged discrimination when she failed the simulator test, we find that her claim nonetheless; fails for the same reasons as her Title VII claim--her failure to present sufficient evidence of intentional discrimination. See Morris v. Office Max, Inc., 89 F.3d 411, 413 (7th Cir.1996) ("To establish a claim under § 1981, the plaintiffs must show that (1) they are members of a racial minority; (2) the defendant had an intent to discriminate on the basis of race; and (3) the discrimination concerned one or more of the activities enumerated in the statute...."); Johnson v. City of Fort Wayne, Ind., 91 F.3d 922, 940 (7th Cir.1996) ("Although section 1981 and Title VII differ in the types of discrimination they proscribe, the methods of proof and elements of the case are essentially identical.").
 
 
 9
 The ruling of the district court is AFFIRMED.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary, and the appeal is submitted on the briefs and the record. See Fed.R.App.P. 34(a); Cir.R. 34(f)