Bonita L. WEISS, Plaintiff–Appellant,

v.

COCA–COLA BOTTLING COMPANY OF CHICAGO and Jerry Lawrence in his individual and corporate capacity, Defendants–Appellees.

No. 92–2036.

United States Court of Appeals, Seventh Circuit.

Argued Dec. 8, 1992.

Decided April 6, 1993.

Carmen Jones Mitchell, Christine L. Jones (argued), Law Office for Equal Justice, Chicago, IL, for plaintiff-appellant.

William R. Sullivan, Jr., Marian C. Haney (argued), Seyfarth, Shaw, Fairweather & Geraldson, Chicago, IL, for defendants-appellees.

Before CUDAHY and COFFEY, Circuit Judges, and ESCHBACH, Senior Circuit Judge.

ESCHBACH, Senior Circuit Judge.

Bonita L. Weiss ("Weiss") brought this action against the Coca–Cola Bottling Company of Chicago ("Coca–Cola") and one of its employees, Jerry Lawrence ("Lawrence"), under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. and the Equal Pay Act, 29 U.S.C. § 206(d). Weiss' complaint alleged claims of gender discrimination with respect to the following: (1) salary, (2) job transfers, (3) training, and (4) discharge, in addition to claims of (5) sexual harassment. All parties consented to resolution of this case by Magistrate Judge Bernard Weisberg, who granted summary judgment in favor of Coca–Cola on all claims. In this appeal, Weiss seeks review of Magistrate Judge Weisberg's summary disposition of each of her claims. We have jurisdiction over this final disposition pursuant to 28 U.S.C. § 1291. We affirm.

## I.

Weiss began employment at Coca–Cola on February 21, 1989, while she was on a two week vacation from her position as a shipping and receiving clerk at K–Mart Apparel Corporation. She was hired in the checker/inventory control position at a starting salary of $9.00 per hour.

Weiss describes a number of incidents of employment-related sexual harassment. By her second week, Lawrence, who was warehouse manager and one of Weiss' supervisors, began asking Weiss about her personal life and complimenting her, telling her how beautiful she was. By her fourth week, Lawrence began asking her for dates. Weiss told Lawrence that she would not have a sexual or dating relationship with a co-worker. Lawrence said he understood and went on about his business. Several weeks later, however, Lawrence asked Weiss to a wedding. Weiss also complains that Lawrence would jokingly call her a "dumb blond" when errors in her inventory counts would come out. She treated these statements as jokes, but stated that it bothered her when he called her that in front of other employees.

When Weiss had difficulties with a month-end inventory, she called Lawrence at home for assistance. Lawrence then called later from a bar to check on how the inventory was proceeding. He invited her to come to the bar when she was finished. Weiss went there with a friend and another co-worker. Lawrence bought them a drink, discussed their inventory problem, and they played darts. Lawrence later put his arm around Weiss' chair and tried to kiss her, but she pulled back, said she was leaving and went home. The next week, Lawrence placed "I love you" signs in Weiss' work area. Weiss threatened to report it to their supervisors if it ever happened again, but it did not. Weiss testified that Lawrence put his hand on her shoulder at least six times during her employment. On one occasion she objected, and he took his hand off of

her shoulder. Finally, after having testified that Lawrence avoided her in June, Weiss later stated that Lawrence had approached her twice in the front office at Coca–Cola and tried to kiss her. She responded by pulling away and asking him to leave her alone.

Throughout her employment, Weiss had difficulty performing the inventory counts for which she was responsible. Weiss blames her performance problems on inadequate training, alleging that she had been promised eight weeks of training when she took the job but that she never received it. When Terry McCord ("McCord") was terminated for being absent without calling, Weiss attempted to transfer to the inbound checker/supervisor position that he had held, because she felt that her performance might be better there. Weiss alleges that she was turned down on account of gender. Weiss' continued performance problems eventually prompted her supervisors to compare one of her inventory counts with one they would perform. They warned Weiss that they would do this, telling her the exact date on which it would occur. Even with the advance notice, Weiss was unable to perform an accurate inventory count. For this reason, she was discharged. Weiss claims that this explanation for her discharge was a pretext for gender discrimination. After her discharge, Tim Bailey ("Bailey") assumed her duties along with those of warehouse supervisor.

After her discharge, Weiss filed two charges of discrimination with the Illinois Department of Human Rights ("IDHR"), one against Coca–Cola and one against Lawrence. Weiss then filed her complaint after receiving the second of two notices of right to sue. Coca–Cola claims that the Title VII claims contained in Weiss' complaint were time-barred and should not have been considered by Magistrate Judge Weisberg. We will not address this claim.[1] After Magistrate Judge Weisberg granted summary judgment in favor of Coca–Cola on all counts, Weiss commenced this appeal. Coca–Cola moved for an award of attorney's fees and costs as a sanction against Weiss, alleging that this appeal is frivolous and that sanctions are appropriate because Weiss misstated the record in her brief. We deny the motion for sanctions.[2]

## II.

We review a grant of summary judgment *de novo*, drawing all reasonable inferences in favor of the non-moving party. *Williams v. Anderson*, 959 F.2d 1411, 1413 (7th Cir.1992). We will uphold the entry of summary judgment "if there is no genuine

---

1. Weiss initially filed two charges of discrimination with the Illinois Department of Human Rights ("IDHR"), one against Coca–Cola and one against Lawrence. IDHR forwarded only the Coca–Cola charge to the EEOC, though Weiss had indicated that she wanted the Lawrence charge to be forwarded to the EEOC as well. The EEOC issued Weiss' first notice of right to sue in response to the Coca–Cola charge. When it became aware that the IDHR had never forwarded the Lawrence charge, the EEOC allowed Weiss to amend the Coca–Cola charge to include Lawrence. This amended charge resulted in a second notice of right to sue. Weiss' suit is timely as to the second notice, but not as to the first.

Coca–Cola argues that the second notice is without effect; therefore, we must measure the timeliness of Weiss' suit from the first notice. We need not reach this issue, however, as Weiss' claims fail on other grounds. Title VII's administrative time limitations are not jurisdictional. *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 398, 102 S.Ct. 1127, 1135, 71 L.Ed.2d 234 (1982).

This principle, coupled with the IDHR's failure to forward both of Weiss' claims, convinces us that this is not the proper case in which to decide whether an amendment to an EEOC charge can result in a second valid notice of right to sue.

2. In order to award sanctions, we must determine that an appellant's appeal is frivolous and that sanctions are appropriate. *E.g., Tyson v. Jones & Laughlin Steel Corp.*, 958 F.2d 756, 761 (7th Cir.1992). Though many of Weiss' arguments on appeal are inapposite, not all of them are entirely without substance. Therefore, this appeal is not frivolous. In addition, though we did observe some inconsistent assertions in Weiss' appellate brief, this is not an appropriate case for sanctions. Perhaps the inconsistent assertions in the brief are to some extent understandable given the inconsistencies in Weiss' deposition testimony. However, we strongly caution counsel that more care should be taken in presenting a case before us, as counsel's performance borders on the sanctionable.

issue as to any material fact and if the moving party is entitled to judgment as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986). Mindful of these standards, we address each of Weiss' claims separately.

## A. *Title VII Claims*

### 1. Training Claim

■ Weiss claims that during her interview for the checker/inventory control position with Coca-Cola, she was promised eight weeks of training which she never received. She further claims that she was discriminated against because her training did not amount to the two weeks of training ordinarily given to male employees. In contrast, Weiss testified at her deposition that "the last week of April I was left on my own, I started on my own. I was told by Scott Fosbinder and Jerry Lawrence that starting on my own if I needed any help, to call them." (R. 74–1 at 59.) Since Weiss began on February 21, she received almost nine weeks of training by the last week of April.[3]

Weiss' contradictory claims that she did not receive nine weeks of training are insufficient to create an issue of material fact that would preclude summary judgment. "We have consistently held that a genuine issue of material fact cannot be established by a party contradicting [her] own earlier statements unless there is a plausible explanation for the incongruity." *Bank Leumi Le–Israel, B.M. v. Lee*, 928 F.2d 232, 237 (7th Cir.1991). Weiss has attempted to make no such explanation for the inconsistency. Therefore, because Weiss' allegations of discrimination with respect to training cannot withstand a reading of her own deposition testimony, the magistrate judge correctly granted summary judgment on this claim.

### 2. Discharge Claim

■ Weiss offered no direct evidence that her discharge was discriminatory. Therefore, we must analyze her claim under the indirect, burden-shifting method of proof established in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). The *McDonnell Douglas* burden-shifting method first requires a discharged plaintiff to prove a prima facie case of discrimination, by showing: (1) that she was a member of the protected class, (2) that her job performance was sufficient to meet her employer's legitimate expectations, (3) that she was discharged, and (4) that her employer sought a replacement for her. *Randle v. LaSalle Telecommunications, Inc.*, 876 F.2d 563, 570–71 (7th Cir.1989); *Oxman v. WLS–TV*, 846 F.2d 448, 452–53 (7th Cir. 1988). Satisfaction of these elements creates a rebuttable presumption of discrimination. The burden of production then shifts to the defendant who must articulate a legitimate reason for the discharge. *Oxman*, 846 F.2d at 453.

■ The magistrate judge assumed, without deciding, that Weiss had made out a prima facie case of discrimination. Our review of the evidence, however, reveals that Weiss failed to make out a prima facie case because her job performance failed to meet Coca–Cola's legitimate expectations. One of Weiss' primary responsibilities was to perform inventory counts. In her deposition testimony, Weiss admits that she had difficulties with her inventory counts throughout the period of her employment. Many of these difficulties necessitated calling her supervisors for assistance. Furthermore, Weiss admits that Coca–Cola decided to discharge her only after comparing her inventory with one her supervisors did the same day. (R. 74–1 at 94, 96–98.) Because Weiss cannot show that her job performance met Coca–Cola's legitimate expectations, we hold that she has not made out a prima facie case of discriminatory discharge.[4] Therefore, Weiss' discharge

---

**3.** Weiss testified that during the nine-week period she received progressively less of her supervisors' time as she learned to perform more of her assigned tasks, but Weiss makes no showing that this is evidence of gender discrimination.

**4.** Even if Weiss had made out a prima facie case of discrimination, Magistrate Judge Weisberg correctly found that Coca–Cola's reason for discharging Weiss was sufficient to meet its burden of production to show a legitimate non-discrimi-

claim cannot survive a summary judgment motion.

### 3. Sexual Harassment Claim

■ For Weiss' claim of sexual harassment to be actionable, the harassment "must be sufficiently severe or pervasive 'to alter the conditions of [the victim's] employment and create an abusive working environment.'" *Meritor Sav. Bank, FSB v. Vinson,* 477 U.S. 57, 67, 106 S.Ct. 2399, 2405, 91 L.Ed.2d 49 (1986), quoting *Henson v. Dundee,* 682 F.2d 897, 902 (11th Cir. 1982). Under that standard, this Circuit previously held that a grant of summary judgment was appropriate despite the plaintiff being subjected to propositions, lewd comments and a slap on the buttocks when these were relatively isolated instances. *Scott v. Sears, Roebuck & Co.,* 798 F.2d 210, 211–214 (7th Cir.1986). Weiss alleged that Lawrence asked her for dates, called her a "dumb blond," put his hand on her shoulder several times, placed "I love you" signs in her work area and attempted to kiss her in a bar. Lawrence also may have twice attempted to kiss her in the office, though Weiss' deposition testimony is contradictory on this point. In any case, these incidents were also relatively isolated and no more serious than those in *Scott.* Taking all of Weiss' allegations as true, her claim does not meet the standard for actionable sexual harassment. Therefore, the magistrate judge was correct to grant summary judgment on this claim.

### 4. Job Transfer Claim

■ Weiss did not include her job transfer claim in either of her EEOC charges, nor does it reasonably grow out of the claims made therein. Therefore, this claim runs afoul of the requirement that "allegations not contained in an EEOC charge cannot be contained in the complaint...." *Schnellbaecher v. Baskin Clothing Co.,* 887 F.2d 124, 127 (7th Cir.1989). This requirement has previously led us to conclude that a claim for racial harassment was barred because the EEOC charge alleged only failure to promote. *Malhotra v. Cotter & Co.,* 885 F.2d 1305, 1312 (7th Cir.1989). Likewise, Weiss' claim of discrimination with respect to job transfers is barred because her EEOC charges contain only her training, discharge and sexual harassment claims. For this reason, we allow the magistrate judge's grant of summary judgment on Weiss' job transfer claim to stand.

### 5. Salary Claim

■ Like her job transfer claim, Weiss' salary claim was not included in either of her EEOC charges. Because Coca–Cola first raised this issue in its reply brief for the summary judgment motion, however, Magistrate Judge Weisberg found that it had been waived for the purposes of the summary judgment motion. Therefore, we shall review Weiss' salary claim on the merits.

In her complaint, Weiss claims that she was denied a starting salary of the same amount as that received by the males hired before and after her. Fosbinder preceded her in the checker/inventory control job and Bailey took over her duties after her

---

natory reason for its action. "Once the defendant articulates a nondiscriminatory, legitimate reason for its actions, the presumption of discrimination dissolves and the burden shifts back to the plaintiff to prove that the defendant's proffered reasons are pretextual." *Oxman,* 846 F.2d at 453.

In her attempt to establish pretext, Weiss presented no direct evidence that a discriminatory reason motivated Coca–Cola; therefore, she may meet her burden only indirectly by showing that the proffered reason is not worthy of credence. *Jones v. Jones Bros. Constr. Corp.,* 879 F.2d 295, 299 (7th Cir.1989). "A plaintiff may

show that the proffered reasons are not worthy of credence by showing that (1) they have no basis in fact, or (2) they did not actually motivate the employer's decision, or (3) they were insufficient to motivate the discharge." *Id.* Weiss admits the existence of a factual basis for her discharge in that her inventory count of empty containers "didn't come out too good like theirs...." (R. 74–1 at 97.) Also, Weiss has produced no evidence that this defect in her inventory count did not motivate her discharge or that it was insufficient to do so. Therefore, the summary judgment ordered by Magistrate Judge Weisberg was appropriate on this ground as well.

discharge. The record shows that Fosbinder's starting salary was $9.00 per hour, the same as Weiss' salary. Bailey, on the other hand, was transferred into the position of warehouse supervisor after Weiss' discharge. Though Bailey took over Weiss' duties, he had additional duties as well. The fact that Bailey's salary was higher than Weiss' is of no consequence, since his position was not comparable to Weiss'. Weiss has not identified any other similarly-situated males that were paid a higher salary than she was.

Because we lack Supreme Court guidance on the issue, this Circuit has not definitively stated the elements necessary for a plaintiff to make out a prima facie case of salary discrimination under Title VII. *E.g., Beard v. Whitley County REMC*, 840 F.2d 405, 411 (7th Cir.1988). We similarly decline to set forth these elements here, holding only that Weiss cannot establish a prima facie case of salary discrimination without evidence that similarly-situated males were paid more. Therefore, the magistrate judge properly granted summary judgment in favor of Coca-Cola on Weiss' Title VII salary claim.

## B. *Equal Pay Act Claim*

██ Weiss maintains that her salary discrimination claim is also actionable under the Equal Pay Act, which prohibits the payment of lower wages to employees of one gender "for equal work on jobs the performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions...." 29 U.S.C. § 206(d)(1). Weiss' Equal Pay Act claim, however, can be no more successful than her Title VII salary claim, because the factual basis is similarly insufficient here. A prima facie case of salary discrimination under the Equal Pay Act requires: "(1) that different wages are paid to employees of the opposite sex; (2) that the employees do equal work which requires equal skill, effort, and responsibility; and (3) that the employees have similar

working conditions." *Soto v. Adams Elevator Equipment Co.*, 941 F.2d 543, 548 (7th Cir.1991). Weiss has failed to establish the payment of different wages in the case of Fosbinder, and she has failed to establish that her work was equivalent to Bailey's. Because Weiss has not established a prima facie case of salary discrimination under the Equal Pay Act, the magistrate judge was correct to grant summary judgment in favor of Coca-Cola on this claim as well.

### III.

Because Weiss failed to establish the existence of any issues of material fact, and because Coca-Cola was entitled to judgment as a matter of law, the magistrate judge's grant of summary judgment is AFFIRMED. Coca-Cola's MOTION FOR SANCTIONS is DENIED. Each party is to bear its own costs on appeal.