**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 02-50299

MONICA C. BUENROSTRO,

Plaintiff-Appellant,

VERSUS

FLIGHT SAFETY INTERNATIONAL, INC.; FLIGHT SAFETY TEXAS, INC.,

Defendants-Appellees.

Appeal from the United States District Court
For the Western District of Texas, San Antonio

SA-99-CV-819

February 25, 2003

Before KING, Chief Judge, and DeMOSS and CLEMENT, Circuit Judges.

PER CURIAM:[*]

This appeal concerns a Title VII emplo yment discrimination action brought by Plaintiff-

Appellant Monica C. Buenrostro (Buenrostro), against her former employer, Defendants-Appellees

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Flight Safety International, Inc. and Flight Safety Texas, Inc. (Flight Safety). Buenrostro's original complaint was filed against Flight Safety on July 29, 1999, and contained four causes of action that: (1) Flight Safety engaged in unlawful gender discrimination by sexual harassment; (2) Flight Safety retaliated against Buenrostro following her complaints regarding the sexual harassment; (3) Flight Safety defamed Buenrostro; and, (4) Flight Safety discriminated against Buenrostro on the basis of her national origin.

Flight Safety filed an answer to Buenrostro's original complaint on September 30, 1999. On October 25, 1999, Flight Safety filed a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, which was granted by the district court on June 21, 2000. In its order of dismissal, the district court permitted Buenrostro to amend her complaint.

Buenrostro filed her first amended complaint on July 6, 2000. Flight Safety responded by filing a second Rule 12(b)(6) motion and a second answer. Flight Safety then filed a motion for summary judgment concerning Buenrostro's claim of defamation on July 24, 2000. A second motion for summary judgment was filed by Flight Safety concerning Buenrostro's claims of sexual harassment and retaliation on July 26, 2000. Flight Safety also filed a third motion for summary judgment concerning the basis of Buenrostro's calculation of damages on July 27, 2000. Buenrostro filed timely responses to these motions in August 2000.

On March 2, 2001, a magistrate judge issued a report and recommendation concluding that Buenrostro's claim of sexual harassment and hostile work environment should be dismissed for failure to state a claim for which relief may be granted, and that the claims of retaliation and defamation should be dismissed on summary judgment. On March 28, 2001, the district court adopted the magistrate judge's report and recommendation over Buenrostro's objections, and issued a judgment

2

in favor of Flight Safety. Buenrostro filed a motion for a new trial on April 6, 2001, which was denied by the district court on February 22, 2002. Buenrostro appeals the district court's judgment granting Flight Safety's motion to dismiss for failure to state a claim for which relief may be granted on the issue of sexual harassment, hostile work environment. Buenrostro also appeals the district court's granting of summary judgment on the issues of constructive discharge, retaliation, and defamation. Buenrostro, however, does not appeal the district court's granting of summary judgment on her national origin and disparate impact discrimination claims.

Having carefully reviewed the entire record in this case, and having fully considered the parties' respective briefing on the issues in this appeal, we REVERSE the portion of the district court's judgment granting Flight Safety's motion to dismiss for failure to state a claim on the issue of sexual harassment, hostile work environment. Buenrostro's original complaint and amended complaints clearly stated a claim concerning that issue.

Nevertheless, based on our review of the record, we conclude that the district court should have granted summary judgment on the sexual harassment, hostile work environment claim.[2] A party is entitled to summary judgment if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. *Celotex v. Catrett,* 477 U.S. 317, 322 (1986). The movant can meet this burden by showing that the non-moving party has failed to present evidence in support of some element of his case on which he bears the ultimate burden of proof. *Id.* at 322-323.

---

[2]We note that Flight Safety filed a Motion for Partial Summary Judgment on this issue and that Buenrostro had an opportunity to respond that motion.

3

When considering a sexual harassment, hostile work environment claim, courts look to the "frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." *Harris v. Forklift Systems, Inc.,* 510 U.S. 17, 23 (1993). Here, Buenrostro asserts that her former supervisor, Don Roney (Roney), discriminated against her because of her gender as evidenced by being hired based on her appearance, being invited to lunch, being complimented on her appearance, being disfavored in comparison to another woman who allegedly was Roney's paramour, and a change in attitude after Buenrostro refused Roney's advances. However, these complained of actions do not qualify as conduct egregious enough to constitute discrimination based on sex or to alter the conditions of employment to such an extent as to do away with her equal opportunity in the workplace. *See, e.g., Ellert v. Univ. of Texas,* 52 F.3d 543, 544 (5th Cir. 1995) (rejecting a claim when a supervisor was "overly friendly and charming" at lunch, and upholding a summary judgment when the plaintiff alleged "that she had been discriminated against because of her refusal of the [supervisor's] sexual advances and for her knowledge of his indiscretions with his assistant"); *Causey v. Ford Motor Co.,* 516 F.2d 416, 421 (5th Cir. 1975) (holding that a complainant cannot challenge alleged discriminatory practice when she benefitted by being hired through that practice). *See also Black v. Zaring Homes, Inc.,* 104 F.3d 822, 827 (6th Cir. 1997) (rejecting a claim when supervisor stated "I love to be around beautiful women"); *Weiss v. Coca-Cola Bottling Co. of Chicago,* 990 F.2d 333, 334 (7th Cir. 1993) (rejecting a claim when a supervisor "ask[ed] [plaintiff] for dates"); *Baskerville v. Culligan Int'l Co.,* 50 F.3d 428, 433 (7th Cir. 1995) (rejecting a claim when supervisor called plaintiff a "pretty girl"); *Scott v. Sears, Roebuck & Co.,* 798 F.2d 210, 211 (7th Cir. 1986) (rejecting a claim when supervisor "repeatedly propositioned

[plaintiff]").

Furthermore, we AFFIRM the district court's granting of Flight Safety's motion for summary judgment on the claims of constructive discharge, retaliation, and defamation for the reasons stated by the court. We note that the record makes it clear that Buenrostro cannot succeed on her constructive discharge and retaliation claims. A constructive discharge claim must demonstrate that the conditions at work were "so difficult or unpleasant that a reasonable person in the employee's shoes would have been compelled to resign." *Brown v. Kinney Shoe Corp.,* 237 F.3d 556, 566 (5th Cir. 2001). The elements that a plaintiff must establish for a retaliation claim are: (1) the plaintiff engaged in activity protected by Title VII; (2) an adverse employment action occurred; and, (3) there was a causal connection between the participation in the protected activity and the adverse employment action. *Landgraf v. USI Film Products,* 968 F.2d 427, 431 (5th Cir. 1992).

Buenrostro's own deposition testimony states that she left work on her own initiative after having an argument with her new supervisor Amparo Calatayud, concerning an incident involving a temporary employee. This argument was completely unrelated to Roney and any of Buenrostro's allegations of discrimination. Moreover, the argument occurred four months after Buenrostro's alleged protected activity. There is no evidence that Buenrostro's resignation was the result of conditions so unpleasant or difficult that she was compelled to resign; nor is there any causal link between her resignation and her protected activity.

Therefore, we REVERSE the portion of the district court's judgment granting Flight Safety's motion to dismiss for failure to state a claim on the issue of sexual harassment. However, we hold that there is no genuine issue as to any material fact concerning Buenrostro's claim of sexual harassment and that Flight Safety is entitled to a judgment as a matter of law. We AFFIRM the

5

district court's judgment on all of the other issues appealed.

REVERSED in part, RENDERED in part, and AFFIRMED in part.