2025 IL App (1st) 250241-U

No. 1-25-0241

Order filed October 14, 2025

First Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| STUART PAKULLA, | ) | Petition for Review of an Order |
| | ) | of the Illinois Human Rights |
| Petitioner-Appellant, | ) | Commission. |
| | ) | |
| v. | ) | Charge No. 2023 CF 2762 |
| | ) | EEOC No. 21 BA 40507 |
| ILLINOIS HUMAN RIGHTS COMMISSION, THE | ) | ALS No. 24-0332 |
| DEPARTMENT OF HUMAN RIGHTS, and HERTZ | ) | |
| LOCAL EDITION CORP., | ) | |
| | ) | |
| Respondents-Appellees. | ) | |

PRESIDING JUSTICE FITZGERALD SMITH delivered the judgment of the court. Justices Lavin and Cobbs concurred in the judgment.

**ORDER**

¶ 1 *Held*: We affirm the decision of the Illinois Human Rights Commission sustaining the Illinois Department of Human Rights' dismissal of petitioner's charge of sexual harassment for a lack of substantial evidence.

¶ 2 Petitioner Stuart Pakulla appeals *pro se* from the decision of the Human Rights Commission (Commission) sustaining the Department of Human Rights' (Department) dismissal of his claim of discrimination against Hertz Local Edition Corporation (Hertz). On appeal,

petitioner contends that he suffered criminal battery, and harassing and obscene communications. Because the Commission did not abuse its discretion in sustaining the Department's dismissal, we affirm.

¶ 3                                    I. BACKGROUND

¶ 4      On May 23, 2023, petitioner filed an unperfected charge of discrimination, later perfected on February 13, 2024, as Charge No. 2023CF2762, against his employer Hertz. In his charge, petitioner alleged that he suffered sexual harassment under the Illinois Human Rights Act (the Act) (775 ILCS 5/1-101 *et. seq.* (West 2022)) by Scott Boerema, a manager associate at Hertz. Petitioner alleged that on September 30, 2022, Boerema grabbed petitioner's right forearm as petitioner sought to leave the office; and that in April 2022 Boerema touched petitioner's shoulder and back while petitioner sought to sign off from his computer in the Hertz Libertyville office.

¶ 5      The Department conducted an investigation of petitioner's charge of discrimination. The Department's investigator interviewed Hertz human resource business partner Amoni Reynolds, Hertz branch manager April Shannon, Scott Boerema, and petitioner. In the Department's September 19, 2024, investigation report, the investigator recommended a finding of a lack of substantial evidence because Hertz promptly and appropriately addressed petitioner's allegations of sexual harassment, and because petitioner's allegations "do not rise to the level of sexual harassment."

¶ 6      The Department's investigation report recounted as uncontested facts that on September 30, 2022, petitioner reported to Shannon the two incidents of alleged sexual harassment involving Boerema. At no time did petitioner tell Boerema that his physical contact was unwelcome. Shannon promptly initiated an internal investigation on September 30, 2022, and reported her

findings to the district manager on October 5, 2022. Hertz instructed petitioner and Boerema not to touch each other. Petitioner reported no other incidents to Shannon after the investigation. In the Department's investigation report, its investigator detailed the evidence submitted by all parties to the Department during the investigation, which we summarize below.

¶ 7    Petitioner informed the investigator that he reported two incidents of alleged sexual harassment to Shannon. The first incident occurred in April 2022, when Boerema touched petitioner's back and shoulder as he was clocking out of the company computer system. Petitioner felt shocked by Boerema's contact but did not initially report the incident because it had never happened before and because he "did not know how [Boerema] would react." Because the company policies did not call for physical contact between employees, because petitioner did not ask to be touched, and because petitioner believed "it is not normal for one male to touch another," petitioner alleged that the conduct was sexual in nature.

¶ 8    The second incident occurred on September 30, 2022. After dropping off a company vehicle, petitioner returned the vehicle key fob and used the company restroom. When petitioner left the restroom and walked past Boerema toward the exit, Boerema grasped petitioner's right forearm. Petitioner felt surprised and shocked by this contact. During the Department's investigation petitioner claimed that the contact "was sexual in nature because Boerema grabbed ahold of him." Petitioner continued walking upon being touched, and later that day reported the April 2022 and September 2022 incidents to Shannon. Upon an investigation, the two men agreed to abstain from physical contact with each other. Petitioner alleged that he suffered no further sexual harassment.

¶ 9     In support of the employer's evidence, Hertz human resources business partner Reynolds stated that although petitioner reported to Shannon, Boerema did maintain some authority over petitioner as far as directing work. Reynolds also stated that Hertz maintained and enforced a Sexual Harassment, Harassment, Discrimination, and Bullying Policy which prohibited, *inter alia*, sexual harassment and harassment on the basis of sex or other protected characteristics.

¶ 10    Reynolds and Shannon both stated that Shannon investigated petitioner's September 30, 2022, complaint regarding both incidents upon notice, and that petitioner did not report the April 2022 incident with Boerema until after the September 2022 incident occurred. Shannon met with petitioner, Boerema, and other witnesses. Upon meeting with petitioner, and then Boerema, Shannon instructed Boerema to avoid contact with petitioner. Boerema agreed.

¶ 11    Shannon's October 5, 2022, email detailing the results of her investigation stated that a witness confirmed that Boerema touched petitioner on September 30, 2022. The witness, who walked behind petitioner at the time of the contact, confirmed that Boerema touched petitioner's arm "to get his attention and ask how he was doing." Shannon concluded that no sexual harassment occurred.

¶ 12    On December 7, 2022, petitioner contacted Hertz human resources director Mark Linser regarding the two reported incidents. On December 20, 2022, Reynolds again investigated the April and September 2022 incidents. During Reynolds's investigation, Boerema admitted that he tapped petitioner on the forearm in September 2022, and that petitioner did not respond. Boerema denied ever touching petitioner on the shoulder. Reynolds determined that the evidence did not show any indications of sexual harassment.

¶ 13    On February 8, 2023, petitioner inquired about the investigation through the company AskHR portal. From February 8, 2023, to February 9, 2023, Shannon conducted a third investigation into the same September 2022 complaint regarding the two incidents. The investigation confirmed that there had been no new allegations of sexual harassment since September 2022. Again, petitioner and Boerema were advised to avoid physical contact with each other, to behave professionally at work, and to speak only about topics related to business and operations.

¶ 14    When interviewed by the Department investigator, Boerema stated that in the September 2022 incident he patted petitioner on the arm while saying "Hello," but that he did not grab petitioner by the arm. Boerema denied any sexual nature to any contact he historically had with petitioner, and stated that petitioner never told him that any physical contact was unwelcome.

¶ 15    In rebuttal to the evidence Hertz provided during the Department's investigation, petitioner stated that he was harassed. He admitted that the harassment may not have been sexual in nature, but that he nonetheless experienced harassment.

¶ 16    Upon completion of the Department's investigation, the Department investigator concluded that there was insufficient evidence to show that Boerema had sexually harassed petitioner. Therefore, the investigator recommended a finding of "lack of substantial evidence" for petitioner's sexual harassment claim.

¶ 17    On October 11, 2024, the Department dismissed petitioner's charge of discrimination for lack of substantial evidence. Petitioner submitted his Request for Review with the Commission on October 21, 2024, claiming that Boerema "grabbed ahold of [his] right forearm between [his] right

wrist and right elbow," while on company premises. Petitioner also cited the Illinois criminal statute for battery: "720 ILCS 5/12-3."

¶ 18    On November 22, 2024, the Department filed a response to petitioner's request for review. The Department recommended that the Commission enter an order sustaining the Department's dismissal for a lack of substantial evidence. It noted that the employer's investigation yielded no conduct that rose to the level of actionable sexual harassment, and that even if petitioner's allegations were taken as true, petitioner did not show that the alleged conduct was sexual in nature or that it "had the purpose or effect of substantially interfering with [his] work performance or creating an intimidating, hostile, or offensive working environment."

¶ 19    The Department also stated that Shannon's October 5, 2022, email to Reynolds indicated that petitioner had allegedly found Boerema's name on a "sex offender's registry," and that the two men had some "tension from a previous argument" from roughly two months prior. The Department further noted that neither the Department nor the Commission had jurisdiction over petitioner's allegation of criminal battery under "720 ILCS 5/12-3." "The Department and Commission can only enforce the provisions of the Act, not other criminal state statutes."

¶ 20    On January 22, 2025, the Commission issued its final order, sustaining the Department's dismissal of petitioner's charge for a lack of substantial evidence. The Commission found that the misconduct alleged by petitioner was not sexual in nature, and that the conduct did not substantially interfere with petitioner's work performance or "create an intimidating, hostile, or offensive working environment." The Commission did not address petitioner's battery allegation. Petitioner sought timely review of the Commission's final determination with this court.

¶ 21                                          II. ANALYSIS

¶ 22    As an initial matter, we note that petitioner's *pro se* brief fails to comply with the requirements of Illinois Supreme Court Rule 341(h) (eff. Oct. 1, 2020), which sets forth the standards for the form and content of appellate briefs. For example, petitioner's brief fails to: (1) demonstrate this Court's jurisdiction; (2) reference the facts of the case without argument or comment; (3) include specific page citations to the record on appeal; and (4) set forth a clear legal argument supported by citation to the legal authorities. See *id.* (h)(6), (7). A reviewing court is entitled to briefs that present an organized and coherent legal argument in accordance with the supreme court rules. *Twardowski v. Holiday Hospitality Franchising, Inc.*, 321 Ill. App. 3d 509, 511 (2001). Plaintiff's *pro se* status does not absolve any obligation to comply with rules of appellate practice. *Fryzel v. Miller*, 2014 IL App (1st) 120597, ¶ 26.

¶ 23    We may, in our discretion, strike a brief or dismiss an appeal for failure to comply with the supreme court rules. *Epstein v. Davis*, 2017 IL App (1st) 170605, ¶ 22. Yet here, we see no impediment to resolving this appeal despite the shortcomings of petitioner's brief because the record is not voluminous and we have the benefit of a cogent appellee's brief. See *Twardowski*, 321 Ill. App. 3d at 511.

¶ 24    We will disregard petitioner's assertion of a third incident of harassment by Boerema, however. In his brief, petitioner claims that on February 10, 2024, Boerema yelled at him, "wanting to know what my problem is." This incident was not reported during the Department's investigation by any party subject to the investigation. "Issues not raised by the parties before an administrative agency cannot be considered for the first time on administrative review." *Spencer v. Illinois Human Rights Comm'n*, 2021 IL App (1st) 170026, ¶ 42. Because our review is limited

to considering the record that was before the administrative agency, we cannot consider petitioner's asserted third incident. *Id.*

¶ 25    We now turn to the merits of this appeal. Petitioner challenges the Commission's dismissal of his sexual harassment claim on the basis that his claim lacks substantial evidence. The Act empowers individuals alleging injury by a civil rights violation to file a charge with the Department. 775 ILCS 5/1-103(B), 7A-102(A) (West 2022). Under the Act, the Department conducts an investigation and may dismiss a charge for a lack of "substantial evidence" supporting the charge. 775 ILCS 5/7A-102(C)(1), (D)(3) (West 2022). The Act defines "substantial evidence" as "evidence which a reasonable mind accepts as sufficient to support a particular conclusion and which consists of more than a mere scintilla but may be somewhat less than a preponderance" of proof. 775 ILCS 5/7A-102(D)(2) (West 2022).

¶ 26    A petitioner may seek review of the Department's dismissal of the charge by either filing a request for review with the Commission, or commencing a civil action in the circuit court. 775 ILCS 5/7A-102(D)(3) (West 2022). Where the Commission sustains the dismissal, the petitioner, as petitioner did here, may seek direct appellate review of the Commission's final determination. 735 ILCS 5/3-113(a) (West 2022).

¶ 27    On direct appellate review, this court is "empowered to review any and all questions of law or fact presented by the record." *Anderson v. Illinois Human Rights Comm'n*, 314 Ill. App. 3d 35, 41 (2000). However, we will not reweigh the evidence or substitute our judgment for that of the Commission. *Spencer*, 2021 IL App (1st) 170026, ¶ 32. Rather, we review the Commission's decision for an abuse of discretion and will not disturb such decision unless it is arbitrary or capricious. *Id.* (citing *Young v. Illinois Human Rights Comm'n*, 2012 IL App (1st) 112204, ¶ 33).

¶ 28    In other words, we will not disturb the Commission's decision unless "it contravenes legislative intent, fails to consider a critical aspect of the matter, or offer[s] an explanation so implausible that it cannot be regarded as the result of an exercise of the agency's expertise. *Id.* An abuse of discretion will only be found "where no reasonable man could agree with the position of the lower court." *Id.* Further, in our analysis of claims brought under the Act (775 ILCS 5/1-101 *et. seq.* (West 2022)), Illinois courts may rely upon federal case law interpreting Title VII, 42 U.S.C. § 2000e *et. seq.*, because the Act is similar in intent. *Zaderaka v. Illinois Human Rights Comm'n*, 131 Ill. 2d 172, 178-79 (1989).

¶ 29    The Act defines sexual harassment as any unwelcome sexual advances, requests for sexual favors, or "any conduct of a sexual nature" when (1) submission to that conduct constitutes an implicit or explicit condition of an individual's employment; (2) submission to, or rejection of, that conduct serves as the basis for an employment decision that affects the individual; or (3) "such conduct has the purpose or effect of substantially interfering with an individual's work performance or creating an intimidating, hostile or offensive working environment." 775 ILCS 5/2-101(E) (West 2022). To sustain an actionable sexual harassment - hostile work environment claim, a petitioner must show that: (1) he was subjected to unwelcome sexual conduct, advances, or requests; (2) because of his sex; (3) the conduct was severe or pervasive enough to create a hostile work environment; and (4) there is a basis for employer liability. *Wong v. Midwest Gaming & Entertainment LLC*, 2023 IL App (1st) 220309, ¶ 16.

¶ 30    After reviewing the record, we find that the Commission did not abuse its discretion when it determined that Boerema's alleged misconduct was not sexual in nature. Petitioner conceded as

much during the Department's investigation when he stated that even though the conduct may not have been sexual, the conduct constituted harassment.

¶ 31    Petitioner's concession aside, he alleged that Boerema touched him upon his shoulder once in April 2022 and grabbed his forearm in September 2022. A witness confirmed that Boerema touched petitioner's forearm in September 2022 in an effort to greet petitioner. We cannot say such allegations are imbued with sexuality. The Act defines sexual harassment as "unwelcome *sexual* advances," "requests for *sexual* favors," or "any conduct of a *sexual* nature." 775 ILCS 5/2-101(E) (West 2022).  Petitioner did not allege, nor did the Department's investigation reveal, any sort of sexual suggestion, proposition, language, action, or movement on Boerema's part. A mere tap on the shoulder or touch upon the forearm alone, without some sort of sexual tinge, fails to constitute *sexual* conduct prohibited by the Act. Accordingly, we cannot say that no reasonable person could agree with the Commission's determination. See *Spencer*, 2021 IL App (1st) 170026, ¶ 32 (abuse of discretion only found where no reasonable person could agree with lower court determination).

¶ 32    Nor did the Commission abuse its discretion when it determined that the conduct did not substantially interfere with petitioner's work performance or "create an intimidating, hostile, or offensive working environment." A hostile work environment sexual harassment claim is often comprised of a series of incidents rather than isolated events. *Wong*, 2023 IL App (1st) 220309, ¶ 16. "[S]imple teasing, offhand comments, and isolated incidents (unless extremely serious) will not amount to discriminatory changes in the terms and conditions of employment." *Peal v. Illinois Human Rights Comm'n*, 2021 IL App (1st) 192549-U, ¶ 23 (citing *Faragher v. City of Boca Raton*, 524 U.S. 775, 788 (1998)).

¶ 33     When evaluating whether conduct is sufficiently severe or pervasive to create a hostile work environment, courts and agencies consider "the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." *Wong*, 2023 IL App (1st) 220309, ¶ 18. The allegedly discriminatory conduct is considered under both subjective and objective standards: conduct that is sufficiently severe or pervasive is that which a reasonable person would find hostile, and which the victim himself perceives as abusive. *Filipovic v. K & R Exp. Sys., Inc.*, 176 F.3d 390, 398 (7th Cir. 1999).

¶ 34     Here, petitioner offered no evidence to suggest that he suffered any severe or pervasive conduct that substantially interfered with his performance or impacted any terms or conditions of his employment. Rather, petitioner provided one substantiated allegation that Boerema touched him upon the forearm, and one unsubstantiated allegation that Boerema touched his shoulder roughly five months prior. Such conduct is not so severe or frequent as to sustain a hostile work environment claim. *Id.* (isolated instances of nonsevere conduct will not support a claim of hostile environment); see also *Hilt-Dyson v. City of Chicago*, 282 F.3d 456, 464 (7th Cir. 2002) (finding no severe or pervasive conduct, and thus no actionable harassment, where supervisor briefly rubbed employee's back on two separate occasions).

¶ 35     We find *Weiss v. Coca-Cola Bottling Company of Chicago,* 990 F.2d 333 (7th Cir. 1993), instructive when we consider the degree of frequency and severity required for an actionable sexual harassment claim. The plaintiff in *Weiss* alleged that, *inter alia*, her coworker asked her for dates, "put his hand on her shoulder several times, placed 'I love you' signs in her work area and attempted to kiss her [after hours] in a bar." *Id.* at 337. And yet, the Seventh Circuit found that

these "relatively isolated" incidents did not rise to the level of sexual harassment under Title VII. *Id.* We cannot conclude that the conduct here, where petitioner alleges far fewer instances of alleged sexual advances and touching than the plaintiff alleged in *Weiss*, meets the severe or pervasive standard for actionable sexual harassment where the conduct in *Weiss* fails to do so.

¶ 36     Moreover, petitioner did not allege that he was physically threatened or humiliated, and he did not provide any information to show how Boerema's conduct "unreasonably interfered" with his work performance. See *Boss v. Castro*, 816 F.3d 910, 920 (7th Cir. 2016) (no hostile work environment where employee was not physically threatened or humiliated, but alleged he was subjected to "overwork" and a justified performance improvement plan). In fact, other than the two instances of physical contact, petitioner alleges no changes to his work environment at all. The record fails to show a workplace "permeated with discriminatory ridicule, intimidation, and insult, or one where [his] supervisors acted against him for any prohibited reason." *Id.* at 921 (finding no actionable discriminatory harassment in the absence of such activity). Because petitioner's allegations fail to rise to the level of severe or pervasive conduct required to support a hostile work environment sexual harassment claim, we find the Commission did not abuse its discretion in finding for lack of substantial evidence.

¶ 37     As a final matter, we recognize that in his request for review before the Commission, petitioner cited the Illinois criminal statute for battery, 720 ILCS 5/12-3 (West 2022). The Commission order did not address petitioner's allegation of battery. However, the Illinois Human Rights Act grants the Commission exclusive jurisdiction over specific *civil* rights violations. 775 ILCS 5/1-101 *et. seq.* (West 2022); *Weatherly v. Illinois Human Rights Comm'n*, 338 Ill. App. 3d 433, 437 (2003). The Commission has no power to act beyond that power granted by the

legislature. *Weatherly*, 338 Ill. App. 3d at 437. Accordingly, the Commission did not err when it did not consider petitioner's allegations of criminal battery.

¶ 38 On appeal, petitioner again cited the Illinois criminal statute for battery (720 ILCS 5/12-3 (West 2022)), and adds the criminal statute for harassing and obscene communications (720 ILCS 5/26.5 (West 2014)), to his appeal. As we have stated, the Commission lacks jurisdiction over criminal allegations. Further, the allegation of harassing and obscene communications was not presented to the Department or to the Commission. Even if petitioner's criminal allegation for harassing and obscene communications fell within the Commission's jurisdiction, we cannot consider on review any issues not raised before the administrative agency below. *Spencer*, 2021 IL App (1st) 170026, ¶ 42. ("Issues not raised by the parties before an administrative agency cannot be considered for the first time on administrative review").

¶ 39 For the foregoing reasons, we cannot say that the Commission abused its discretion when it concluded that there was no substantial evidence to support a claim for hostile work environment sexual harassment. Accordingly, we therefore affirm the decision below.

¶ 40 Affirmed.